UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM SCHMITT, JR., CHAD THOMPSON, AND DEBBIE BLEWITT**,

                        Plaintiffs,

v.                                                                CASE NO.  2:cv-18-966

**JON HUSTED**,

in his Official Capacity as Ohio
Secretary of State, and

**CRAIG M. STEPHENS, PATRICIA NELSON, DORIA DANIELS**, **AND ELAYNE J. CROSS**,

in their official capacities as members of the
Portage County Board of Elections,

                        Defendants.

## PRELIMINARY INJUNCTION and TRO REQUESTED
_____/

## VERIFIED COMPLAINT

### Introduction

1. Plaintiffs in this facial and as-applied *Ex parte Young*, 209 U.S. 123 (1908), action brought under the First Amendment to the United States Constitution seek to restrain Defendants from enforcing or applying provisions in O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A) that separately and collectively authorize local elections boards to scrutinize the subject matter and content of ballot initiatives.

1

2. The aforementioned laws, O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, have been authoritatively construed by the Ohio Supreme Court to vest in local elections boards the responsibility to act as "gatekeepers" to Ohio's popular initiative ballots. *See State ex rel. Walker v. Husted*, 144 Ohio St.3d 361, 43 N.E.3d 419, 423 (2015) (holding that elections officials "serve as gatekeepers, to ensure that only those measures that actually constitute initiatives or referenda are placed on the ballot.").

3. Exercising this authority, local elections boards study the subject matter and content of otherwise properly submitted and certified initiatives to determine whether those initiatives fall "within the initiative power" and may be placed on Ohio's ballots. *See* O.R.C. § 3501.11(K)(2).

4. The aforementioned laws, O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, have been authoritatively construed by the Ohio Supreme Court to vest discretion in local elections boards to decide which initiatives may and which may not be placed on Ohio's ballots. *See*, *e.g.*, *State ex rel. Walker v. Husted*, 144 Ohio St.3d 361, 43 N.E.3d 419, 423 (2015) ("As is well-established, abuse of discretion means more than an error of law or of judgment. In close cases, therefore, we might very well be compelled to find that the secretary reasonably disqualified a ballot measure, in the exercise of his discretion, even if we, in the exercise of our constitutional duties, would deem the measure unconstitutional.").

5. The "gatekeeper" mechanism created by the aforementioned laws, O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, requires that local boards

exercise their discretion to make content-based decisions. *See*, *e.g.*, *State ex rel. Sensible Norwood v. Hamilton County Board of Elections*, 148 Ohio St.3d 176, 69 N.E.3d 696 (2016).

6. The "gatekeeper" mechanism created by the aforementioned laws, O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, fails to include objective, content-neutral standards to limit local elections boards' discretion to select some initiatives but not others for inclusion on ballots.

7. The "gatekeeper" mechanism created by the aforementioned laws, O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, fails to require that otherwise properly submitted and certified initiatives that are denied ballot access by local elections boards based on their content shall remain on ballots "pending a final judicial determination on the merits." *See Déjà vu of Nashville v. Metropolitan Government of Nashville and Davidson County*, 274 F.3d 372, 400 (6th Cir. 2001).

8. The "gatekeeper" mechanism created by the aforementioned laws, O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, fails to require "a prompt judicial decision, to minimize the deterrent effect of an interim and possibly erroneous denial of a license." *See Déjà vu of Nashville v. Metropolitan Government of Nashville and Davidson County*, 274 F.3d 372, 400 (6th Cir. 2001).

9. The "gatekeeper" mechanism created by the aforementioned laws, O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or

collectively, as authoritatively construed by the Ohio Supreme Court, fails to "place the burden of instituting judicial proceedings and proving that expression is unprotected on the licensor [here, the boards of elections] rather than the exhibitor [here, the supporters of the initiatives]." *See Déjà vu of Nashville v. Metropolitan Government of Nashville and Davidson County*, 274 F.3d 372, 400 (6th Cir. 2001).

10. Because Ohio's "gatekeeper" mechanism created by the aforementioned laws, O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, authorizes local elections boards to make content-based decisions, it is subject to strict scrutiny under the First Amendment to the United States Constitution. *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015).

11. Ohio cannot pass strict scrutiny by demonstrating that its "gatekeeper" mechanism is absolutely required to achieve a compelling state interest.

12. Because Ohio's "gatekeeper" mechanism created by the aforementioned laws, O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, vests discretion in local elections boards to select which initiatives to include on ballots, the "gatekeeper" mechanism is an impermissible prior restraint under the First Amendment to the United States Constitution. *See*, *e.g*., *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 150-51 (1969) ("This ordinance as it was written fell squarely within the ambit of the many decisions of this Court over the last 30 years, holding that a law subjecting the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority, is unconstitutional.").

13. Because Ohio's "gatekeeper" mechanism created by the aforementioned laws, O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, fails to include content-neutral, objective standards limiting the discretion vested in local elections boards, the "gatekeeper" mechanism is an impermissible prior restraint under the First Amendment to the United States Constitution. *See*, *e.g.*, *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 131 (1990) ("To curtail that risk, 'a law subjecting the exercise of First Amendment freedoms to the prior restraint of a license' must contain 'narrow, objective, and definite standards to guide the licensing authority.'" *Id*. (citations omitted).

14. Because Ohio's "gatekeeper" mechanism created by the aforementioned laws, O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, fails to require that otherwise properly submitted and certified initiatives that are denied ballot access by local elections boards based on their content shall remain on ballots "pending a final judicial determination on the merits," the "gatekeeper" mechanism is an impermissible prior restraint under the First Amendment to the United States Constitution. *See Déjà vu of Nashville v. Metropolitan Government of Nashville and Davidson County*, 274 F.3d 372, 400 (6th Cir. 2001).

15. Because Ohio's "gatekeeper" mechanism created by the aforementioned laws, O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, fails to require "a prompt judicial decision, to minimize the deterrent effect of an interim and possibly erroneous denial of a license, " the "gatekeeper" mechanism is an impermissible prior restraint under the First

Amendment to the United States Constitution. *See Déjà vu of Nashville v. Metropolitan Government of Nashville and Davidson County*, 274 F.3d 372, 400 (6th Cir. 2001).

16. Because Ohio's "gatekeeper" mechanism created by the aforementioned laws, O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, fails to "place the burden of instituting judicial proceedings and proving that expression is unprotected on the licensor [here, the boards of elections] rather than the exhibitor [here, the supporters of the initiatives]," the "gatekeeper" mechanism is an impermissible prior restraint under the First Amendment to the United States Constitution. *See Déjà vu of Nashville v. Metropolitan Government of Nashville and Davidson County*, 274 F.3d 372, 400 (6th Cir. 2001).

## Facts

17. Plaintiffs William Schmitt and Chad Thompson are drafters and circulators of initiatives calling for reductions of penalties in local ordinances in Ohio for those charged with possessing marijuana.

18. Plaintiffs William Schmitt and Chad Thompson in 2018 circulated an initiative calling for reductions of penalties for the charged with possessing marijuana in the Village of Garrettsville, Ohio with the intent of having the initiative placed on the Village's November 2018 election ballot. *See* Exhibit 1 (Initiative).

19. Plaintiffs William Schmitt and Chad Thompson in 2018 circulated an identical initiative calling for reductions of penalties for the charged with possessing marijuana in the Village of Windham, Ohio with the intent of having the initiative placed on the Village's November 2018 election ballot. *See* Exhibit 2 (Initiative).

20. Both initiatives circulated for inclusion on Windham's and Garrettsville's respective election ballots complied with Ohio law and were supported by the required numbers of voters' signatures. *See* Exhibit 3 (Board Minutes) (stating that both initiatives contained the required numbers of signatures).

21. Notwithstanding that both identical initiatives were supported by the required numbers of signatures, were timely, and otherwise complied with Ohio law, the Portage County Board of Elections on August 20, 2018 refused to certify either one. *See* Exhibit 3 (Board Minutes).

22. The Portage County Board of Elections on August 20, 2018 rejected both initiatives, *see* Exhibits 1 and 2, because it concluded their content was not proper for inclusion on Ohio's ballots; the Board's minutes state that both identical initiatives were rejected "because the initiatives are administrative in nature, rather than legislative. Administrative actions are not appropriate for initiative petitions." Exhibit 3.

23. Because of the Portage County Board of Elections action on August 20, 2018, neither initiative will appear on Ohio's November 2018 election ballot.

24. Plaintiffs William Schmitt and Chad Thompson were notified by e-mail that their initiatives had been rejected by the Portage County Board of Elections on August 20, 2018. See Exhibit 4.

25. The August 20, 2018 notification, however, did not explain the reason for the Board's action; it merely stated: "This email will serve as notice that the Portage County Board of Elections did not certify the initiative petitions regarding marijuana penalties filed for

7

Garrettsville Village and Windham Village to the November 6, 2018 General Election ballot."

Exhibit 4 at page 2.

26. After Plaintiff Chad Thompson inquired why the Portage Board of Elections had rejected the initiatives, he was informed by the Portage County Board of Elections on August 21, 2018 that:

> In *State ex rel. Sensible Norwood v. Hamilton County Board of Elections, 2016-Ohio-5919,* the Oho [sic] Supreme Court said administrative actions are not subject to initiative. Reviewing the language in the proposals presented by the Village of Garrettsville and the Village of Windham, the $0 fine and no license consequences are administrative in nature. The $0 court costs is administrative in nature and is an impingement on the judicial function by a legislature. Accordingly, <u>as the Garrettsville Village and Windham Village petitions deal with subject matter that is not subject to the initiative process, the Board of Elections, in its discretion, has chosen not to certify these issues to the ballot.</u>

Exhibit 4 at page 1 (emphasis added).

27. Plaintiff Debbie Blewitt is a registered Ohio voter who lives in Windham, Ohio.

28. Plaintiff Debbie Blewitt signed Plaintiffs William Schmitt's and Chad Thompson's initiative that was circulated for inclusion on the Windham ballot. *See* Exhibit 2.

29. But for the Portage County Board of Elections action on August 20, 2018, Plaintiffs' Garrettsville and Windham initiatives would have been included on those two Villages November 6, 2018 ballots.

30. Plaintiffs William Schmitt and Chad Thompson circulated initiatives proposing ordinances that are identical to those proposed for Garrettsville and Windham in Norwood, Ohio, Fremont, Ohio and Oregon Ohio. *See* Exhibits 5 (Norwood), 6 (Fremont) and 7 (Oregon).

31. Plaintiffs initiatives circulated in Norwood, Ohio, Fremont, Ohio and Oregon Ohio all were certified for the respective localities' November 6, 2018 election ballots.

32. None of the initiatives circulated in Norwood, Ohio, Fremont, Ohio and Oregon Ohio were deemed by the relevant local elections boards as falling outside the initiative power.

33. None of the initiatives circulated in Norwood, Ohio, Fremont, Ohio and Oregon Ohio were rejected by the relevant local elections boards as presenting improper administrative matters.

## Parties

34. Plaintiff Chad Thompson is a resident of Toledo, Ohio and is qualified under Ohio law to circulate petitions supporting initiatives.

35. Plaintiff William Schmitt is a resident of Bellaire, Ohio and is qualified under Ohio law to circulate petitions supporting initiatives.

36. Defendant Jon Husted is the Ohio Secretary of State and, pursuant to Ohio Rev. Code § 3501.04, is the chief elections officer in Ohio responsible for enforcing and defending Ohio's election laws, including O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A); he is sued in only his official capacity.

37. Defendant, Jon Husted, as the Ohio Secretary of State and chief elections officer in Ohio is vested with the authority to compel local elections boards to comply with Ohio's election laws, including O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A). *See* O.R.C. § 3501(M) (stating that Secretary of State has power to "[c]ompel the observance by election officers in the several counties of the requirements of the election laws"); *Rosen v. Brown*, 970 F.2d 169, 171 (6th Cir. 1992) (observing that Secretary of State "compel[s] compliance with election law requirements by election officials").

38. Defendants Craig M. Stephens, Patricia Nelson, Doria Daniels, and Elayne J.

9

Cross are the four members of the Portage County Board of Elections responsible for removing Plaintiffs' initiatives from the Garrettsville and Windham ballots.

39. Defendants Craig M. Stephens, Patricia Nelson, Doria Daniels, and Elayne J. Cross are residents of Ohio and are sued in their official capacities only.

40. Because Defendants Craig M. Stephens, Patricia Nelson, Doria Daniels, and Elayne J. Cross are sued in their official capacities, Plaintiffs' action is effectively against the Portage County Board of Elections.

41. The Portage County Board of Elections is a local elections board vested with discretion by O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A) to remove initiatives based on subject matter and content.

42. Defendants Craig M. Stephens, Patricia Nelson, Doria Daniels, and Elayne J. Cross, the Portage County Board of Elections and Defendant-Secretary of State were at all relevant and material times acting under color of Ohio law within the meaning of 42 U.S.C. § 1983 and engaged in state action within the meaning of the First and Fourteenth Amendments to the United States Constitution.

## Jurisdiction and Venue

43. Federal jurisdiction is claimed under the First and Fourteenth Amendments to the United States Constitution, 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

44. Venue lies in this district under 28 U.S.C.§ 1391(b) because Defendant-Secretary of State resides in this district and all the Defendants reside in Ohio, or alternatively because a substantial part of the events giving rise to Plaintiffs' claim occurred in the district.

**Claim One (Facial First Amendment Challenge against Defendant-Secretary and the Portage County Board of Elections for Enforcing Content-Based Restriction)**

45. Plaintiffs herein incorporate the allegations made in paragraphs 1 through 44.

46. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, facially violate the First Amendment to the United States Constitution, as incorporated and applied to Ohio by the Fourteenth Amendment to the United States Constitution.

47. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, is content-based and cannot survive strict scrutiny.

48. Defendants Craig M. Stephens, Patricia Nelson, Doria Daniels, and Elayne J. Cross's enforcement of O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, facially violates the First Amendment.

49. Defendant Secretary of State's enforcement of O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, facially violates the First Amendment.

**Claim Two (Facial First Amendment Challenge against Defendant-Secretary and the Portage County Board of Elections for Enforcing Prior Restraint)**

50. Plaintiffs herein incorporate the allegations made in paragraphs 1 through 49.

51. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, facially violate the First Amendment to the United States Constitution, as incorporated

11

and applied to Ohio by the Fourteenth Amendment to the United States Constitution.

52. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, operate as a content-based prior restraint.

53. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, impermissibly vest discretion in local elections boards in violation of the First Amendment.

54. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, impermissibly fail to limit local boards of elections' discretion with content-neutral, objective standards in violation of the First Amendment.

55. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, impermissibly fail to require that otherwise properly submitted and certified initiatives that are denied ballot access by local elections boards based on their content shall remain on ballots "pending a final judicial determination on the merits," in violation of the First Amendment.

56. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, impermissibly fail to require "a prompt judicial decision, to minimize the deterrent effect of an interim and possibly erroneous denial," in violation of the First Amendment.

57. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, impermissibly fails to "place the burden of instituting judicial proceedings and proving that expression is unprotected on the licensor [here, the boards of elections] rather than the exhibitor [here, the supporters of the initiatives]," in violation of the First Amendment.

58. Defendants Craig M. Stephens, Patricia Nelson, Doria Daniels, and Elayne J. Cross's enforcement of O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, facially violates the First Amendment.

59. Defendant Secretary of State's enforcement of O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, facially violates the First Amendment.

**Claim Three (As-Applied First Amendment Challenge against Defendant-Secretary and the Portage County Board of Elections for Enforcing Content-Based Restriction)**

60. Plaintiffs herein incorporate the allegations made in paragraphs 1 through 59.

61. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, facially violate the First Amendment to the United States Constitution, as incorporated and applied to Ohio by the Fourteenth Amendment to the United States Constitution.

62. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, is content-based and cannot survive strict scrutiny.

63. Defendants Craig M. Stephens, Patricia Nelson, Doria Daniels, and Elayne J.

Cross's enforcement of O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, violates the First Amendment as-applied.

64. Defendant Secretary of State's enforcement of O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, violates the First Amendment as-applied.

**Claim Four (As-Applied First Amendment Challenge against Defendant-Secretary and the Portage County Board of Elections for Enforcing Prior Restraint)**

65. Plaintiffs herein incorporate the allegations made in paragraphs 1 through 64.

66. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, facially violate the First Amendment to the United States Constitution, as incorporated and applied to Ohio by the Fourteenth Amendment to the United States Constitution.

67. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, operate as a content-based prior restraint.

68. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, impermissibly vest discretion in local elections boards in violation of the First Amendment.

69. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme

Court, impermissibly fail to limit local boards of elections' discretion with content-neutral, objective standards in violation of the First Amendment.

70. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, impermissibly fail to require that otherwise properly submitted and certified initiatives that are denied ballot access by local elections boards based on their content shall remain on ballots "pending a final judicial determination on the merits," in violation of the First Amendment.

71. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, impermissibly fail to require "a prompt judicial decision, to minimize the deterrent effect of an interim and possibly erroneous denial," in violation of the First Amendment.

72. Ohio Revised Code § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, impermissibly fails to "place the burden of instituting judicial proceedings and proving that expression is unprotected on the licensor [here, the boards of elections] rather than the exhibitor [here, the supporters of the initiatives]," in violation of the First Amendment.

73. Defendants Craig M. Stephens, Patricia Nelson, Doria Daniels, and Elayne J. Cross's enforcement of O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, violates the First Amendment as-applied.

74. Defendant Secretary of State's enforcement of O.R.C. § 3501.11(K), O.R.C. §

15

3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court, violates the First Amendment as-applied.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request the following relief pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 1983 and 42 U.S.C. § 1988(b):

  A. a declaration under 28 U.S.C. § 2201 that O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court to authorize local elections boards to act as "gatekeepers" of initiatives are facially unconstitutional under the First Amendment;

  B. a declaration under 28 U.S.C. § 2201 that O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court to authorize local elections boards to act as "gatekeepers" of initiatives are unconstitutional as-applied under the First Amendment;

  C. a temporary restraining order and/or preliminary injunction under 42 U.S.C. § 1983 prohibiting Defendants from enforcing or acting under O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court to authorize local elections boards to act as "gatekeepers" of initiatives;

  D. a permanent injunction under 42 U.S.C. § 1983 prohibiting Defendants from enforcing or acting under O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court to authorize local elections boards to act as "gatekeepers" of initiatives;

    E. a temporary restraining order and/or preliminary injunction under 42 U.S.C. § 1983 directing Defendants to restore Plaintiffs' Garrettsville and Windham initiatives to the ballots of those Villages;

    F. a reasonable attorney's fee and costs pursuant to 42 U.S.C. § 1988(b);

    G. such other and further relief as may be just and proper.

Dated: August 28, 2018

                Respectfully submitted,

                s/*Mark R. Brown*
                Mark R. Brown, Trial Counsel
                Ohio Registration No. 81941
                303 East Broad Street
                Columbus, OH 43215
                (614) 236-6590
                (614) 236-6956 (fax)
                mbrown@law.capital.edu

                Mark Kafantaris
                Ohio Registration No. 80392
                625 City Park Avenue
                Columbus, Ohio 43206
                (614) 223-1444
                (614) 221-3713 (fax)
                mark@kafantaris.com

                Attorneys for Plaintiffs

## VERIFICATION of WILLIAM SCHMITT, JR.
### (Pursuant to 28 U.S.C. § 1746(2))

I, William Schmitt, Jr., verify under penalty of perjury that the foregoing is true and correct.

Executed on   8-28-2018

*William T. Schmitt Jr.* (signature)
William Schmitt, Jr.

## VERIFICATION of CHAD THOMPSON
### (Pursuant to 28 U.S.C. § 1746(2))

I, Chad Thompson, verify under penalty of perjury that the foregoing is true and correct.

Executed on 8/28/2018.

_____
Chad Thompson

## VERIFICATION of Debbie Blewitt
### (Pursuant to 28 U.S.C. § 1746(2))

I, Debbie Blewitt, verify under penalty of perjury that the foregoing is true and correct.

Executed on ___8-28-18___.

_[signature]_
Debbie Blewitt