# <u>INITIATIVE PETITION</u>

**<span style="color:red">NOTICE.</span>**

<span style="color:red">Whoever knowingly signs this petition more than once, signs a name other than his own, or signs when not a legal voter is liable to prosecution.</span>

**Enacting new Section 513.06 entitled "Marijuana laws and penalties" and Section 501.99 entitled "Penalties for misdemeanor" to the Oregon City Code. All ordinances or parts of ordinances in conflict with this Ordinance are hereby repealed or invalid.**

To the Clerk of Council of the City of Oregon, Lucas County, Ohio:

We, the undersigned qualified electors of the City of Oregon, Lucas County, Ohio, hereby present by initiative petition, a request that there be submitted for consideration of the people and electors of the City of Oregon, Ohio for their approval or rejection, at an election in accordance with the laws of the State of Ohio and the Oregon City Charter, the following Ordinance. A full and correct copy of the title and text of said Ordinance is as follows:

## <u>THE SENSIBLE MARIHUANA ORDINANCE</u>

Be it ordained by the people of the City of Oregon that:

The new Oregon City Code Section 513.06, Section 501.99 be enacted to read as follows:

## <u>513.06 . MARIHUANA LAWS AND PENALTIES.</u>

(a) No person shall knowingly obtain, possess, or use marihuana or a compound, mixture, preparation, or substance containing marihuana other than hashish, whoever violates this section is guilty of possession of marihuana. The penalty for the offense shall be determined as follows:

(1) If the amount of the drug involved is less than two hundred grams, possession of marihuana is a minor misdemeanor drug abuse offense. Persons convicted of violating this section shall be fined $0.00 and no incarceration, probation, nor any other punitive or rehabilitative measure shall be imposed.

(b) No person shall knowingly obtain, possess, or use hashish or a compound, mixture, preparation, or substance containing hashish, whoever violates this section is guilty of possession of hashish. The penalty for the offense shall be determined as follows:

(1) If the amount of the drug involved is less than ten grams of solid hashish or less than two grams of liquid hashish, possession of hashish is a minor misdemeanor drug abuse offense. Persons convicted of violating this section shall be fined $0.00 and no incarceration, probation, nor any other punitive or rehabilitative measure shall be imposed.

(c) No person shall knowingly cultivate or manufacture marihuana. The penalty for the offense shall be as follows:

(1) If the amount of the drug involved is less than two hundred grams, illegal cultivation of marihuana is a minor misdemeanor drug abuse offense. Persons convicted of violating this section shall be fined $0.00 and no incarceration, probation, nor any other punitive or rehabilitative measure shall be imposed.

(d) No person shall knowingly give or offer to make a gift of twenty grams or less of marihuana. The penalty for the offense shall be determined as follows:

(1) Whoever violates this section, anywhere inside city limits, is guilty of trafficking in marihuana, a minor misdemeanor drug abuse offense. Persons convicted of violating this section shall be fined $0.00 and no incarceration, probation, nor any other punitive or rehabilitative measure shall be imposed.

(e) No person shall possess, sell, manufacture or use marihuana or hashish paraphernalia. The penalty for the offense shall be as follows:

(l) Whoever violates this section shall be guilty of a minor misdemeanor drug abuse offense. Persons convicted of violating this section shall be fined $0.00 and no incarceration, probation, nor any other punitive or rehabilitative measure shall be imposed.

(f) Court costs for misdemeanor violations of these sections herein shall be $0.00.

(g) Severability. The sections of this ordinance are severable. The invalidity of a section shall not affect the validity of the remaining sections. Invalid sections shall be revised to the minimum extent necessary to maintain validity and enforceability.

### 698.02 . PENALTIES FOR MISDEMEANOR

(a)   This section does not pertain to and does not cover penalties for misdemeanor marihuana offenses. For penalties for all misdemeanor marihuana offenses covered in Section 624.02, see Section 624.02 titled, "Marihuana Laws and penalties."

(b)   Financial Sanctions.  In addition to imposing court costs pursuant to Ohio R.C. 2947.23, the court imposing a sentence upon an offender for a misdemeanor committed under the Codified Ordinances, including a minor misdemeanor, may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section.  If the court in its discretion imposes one or more financial sanctions, the financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1)   Restitution.  Unless the misdemeanor offense is a minor misdemeanor or could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13, restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss.  The court may not impose restitution as a sanction pursuant to this section if the offense is a minor misdemeanor or could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13.  If the court requires restitution, the court shall order that the restitution be made to the victim in open court or to the adult probation

department that serves the jurisdiction or the clerk of the court on behalf of the victim.

If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender.  If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.  If the court decides to impose restitution, the court shall hold an evidentiary hearing on restitution if the offender, victim or survivor disputes the amount of restitution.  If the court holds an evidentiary hearing, at the hearing the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender.

All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.  No person may introduce evidence of an award of restitution under this section in a civil action for purposes of imposing liability against an insurer under Ohio R.C. 3937.18.

If the court imposes restitution, the court may order that the offender pay a surcharge, of not more than five per cent of the amount of the restitution otherwise ordered, to the entity responsible for collecting and processing restitution payments.

The victim or survivor may request that the prosecutor in the case file a motion, or the offender may file a motion, for modification of the payment terms of any restitution ordered.  If the court grants the motion, it may modify the payment terms as it determines appropriate.

(2)  <u>Fines.</u>  A fine in the following amount:

A.  For a misdemeanor of the first degree, not more than one thousand dollars ($1,000);

B.  For a misdemeanor of the second degree, not more than seven hundred fifty dollars ($750.00);

C.  For a misdemeanor of the third degree, not more than five hundred dollars ($500.00);

D.  For a misdemeanor of the fourth degree, not more than two hundred fifty dollars ($250.00);

E.  For a minor misdemeanor, not more than one hundred fifty dollars ($150.00).

(3)  <u>Reimbursement of costs of sanctions.</u>

A.  Reimbursement by the offender of any or all of the costs of sanctions incurred by the government, including, but not limited to, the following:

1.  All or part of the costs of implementing any community control sanction, including a supervision fee under Ohio R.C. 2951.021;

2.  All or part of the costs of confinement in a jail or other residential facility, including, but not limited to, a per diem fee for room and board, the costs of medical and dental treatment, and the costs of repairing property damaged by the offender while confined.

B.  The amount of reimbursement ordered under subsection (a)(3)A. of this section shall not exceed the total amount of reimbursement the offender is able to pay and shall not exceed the actual cost of the sanctions.  The court may collect any amount of reimbursement the offender is required to pay under that subsection.  If the court does not order reimbursement under that subsection, confinement costs may be assessed pursuant to a repayment policy adopted under Ohio R.C. 2929.37.  In addition, the offender may be required to pay the fees specified in Ohio R.C. 2929.38 in accordance with that section.

(ORC 2929.28)

(c)  <u>Jail Terms.</u>

(1)  Except as provided in Ohio R.C. 2929.22 or 2929.23 of the Revised Code, and unless another term is required or authorized pursuant to law, if the sentencing court imposing a

sentence upon an offender for a misdemeanor elects or is required to impose a jail term on the offender pursuant to this General Offenses Code, the court shall impose a definite jail term that shall be one of the following:

    A.  For a misdemeanor of the first degree, not more than one hundred eighty days;
    B.  For a misdemeanor of the second degree, not more than ninety days;
    C.  For a misdemeanor of the third degree, not more than sixty days;
    D.  For a misdemeanor of the fourth degree, not more than thirty days.

  (2)  A.  A court that sentences an offender to a jail term under this section may permit the offender to serve the sentenced in intermittent confinement or may authorize a limited release of the offender as provided in Ohio R.C. 2929.26(B).  The court retains jurisdiction over every offender sentenced to jail to modify the jail sentence imposed at any time, but the court shall not reduce any mandatory jail term.

    B.  1.  If a prosecutor, as defined in Ohio R.C. 2935.01, has filed a notice with the court that the prosecutor wants to be notified about a particular case and if the court is considering modifying the jail sentence of the offender in that case, the court shall notify the prosecutor that the court is considering modifying the jail sentence of the offender in that case.  The prosecutor may request a hearing regarding the court's consideration of modifying the jail sentence of the offender in that case, and, if the prosecutor requests a hearing, the court shall notify the eligible offender of the hearing.

      2.  If the prosecutor requests a hearing regarding the court's consideration of modifying the jail sentence of the offender in that case, the court shall hold the hearing before considering whether or not to release the offender from the offender's jail sentence.

  (3)  If a court sentences an offender to a jail term under this section and the court assigns the offender to a county jail that has established a county jail industry program pursuant to Ohio R.C. 5147.30, the court shall specify, as part of the sentence, whether the offender may be considered for participation in the program.  During the offender's term in the county jail, the court retains jurisdiction to modify its specification regarding the offender's participation in the county jail industry program.

  (4)  If a person is sentenced to a jail term pursuant to this section, the court may impose as part of the sentence pursuant to Ohio R.C. 2929.28 a reimbursement sanction, and, if the local detention facility in which the term is to be served is covered by a policy adopted pursuant to Ohio R.C. 307.93, 341.14, 341.19, 341.21, 341.23, 753.02, 753.04, 753.16, 2301.56, or 2947.19 and Ohio R.C. 2929.37, both of the following apply:

    A.  The court shall specify both of the following as part of the sentence:

      1.  If the person is presented with an itemized bill pursuant to Ohio R.C. 2929.37 for payment of the costs of confinement, the person is required to pay the bill in accordance with that section.

      2.  If the person does not dispute the bill described in subsection (b)(4)A.1. of this section and does not pay the bill by the times specified in Ohio R.C. 2929.37, the clerk of the court may issue a certificate of judgment against the person as described in that section.

    B.  The sentence automatically includes any certificate of judgment issued as described in subsection (b)(4)A.2. of this section.

    (ORC 2929.24)

The form of the ballot by which this ordinance shall be submitted to the electors of the City of Oregon at the next regular election shall be substantially as follows:

"Shall the City of Oregon adopt the sensible marihuana ordinance, which lowers the penalty for misdemeanor marijuana offenses to the lowest penalty allowed by state law?"

|  | Yes |
|---|---|
|  | No |

This Ordinance shall become effective on the fifth day after the day on which the board of elections certifies the official vote on such question

Each of the undersigned electors hereby request that said ordinance hereinbefore set forth be certified to the proper election authorities and submitted to the electors of the City of Oregon, Ohio for approval or rejection, and the proper notices be published, all as required by law and the provisions of the State of Ohio.

The undersigned hereby designate the following electors of the City of Oregon, Ohio signers of this petition as proponents of this Petition and as the Committee in charge thereof:

John Russell Feeney
6001 Grisell Rd
Oregon, OH 43616

Diane M Feeney
6001 Grisell Rd
Oregon, OH 43616

Tammy L Davidson
3120 Flame Dr
Oregon, OH 43616

Brookelynn Marie Avery
1736 Lagundovie Rd
Oregon, OH 43616

Jeremy James Luce
2856 Pickle Rd  Apt. 226
Oregon, OH 43616

| # | Signature | Printed Name | Residence in Oregon, OH Street and Number | Date |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |

| # | Signature | Printed Name | Residence in Oregon, OH Street and Number | Date |
|---|---|---|---|---|
| 21 | | | | |
| 22 | | | | |
| 23 | | | | |
| 24 | | | | |
| 25 | | | | |
| 26 | | | | |
| 27 | | | | |
| 28 | | | | |
| 29 | | | | |
| 30 | | | | |
| 31 | | | | |
| 32 | | | | |
| 33 | | | | |
| 34 | | | | |
| 35 | | | | |
| 36 | | | | |
| 37 | | | | |
| 38 | | | | |
| 39 | | | | |
| 40 | | | | |

# AFFIDAVIT OF CIRCULATOR

**The State of Ohio, Lucas County, ss,**

**I,_____, being duly sworn, deposes and say that**
     *(Printed name of Circulator)*
**I reside at the address appearing below my signature hereto: that I am the circulator of the forgoing paper containing _____signatures: that I witnessed the affixing of each signature, that that all signers were to the best of my knowledge and belief qualified to sign, and that every signature is to the best of my knowledge and belief the signature of the person whose signature it purports to be and I believe each are registered electors of the city of Oregon, Ohio and they signed this petition with knowledge of the contents thereof.**

**Signed_____**

**Address_____**

_____

**Subscribed and sworn before me this _____ day of _____, 2017.**

_____
          **Notary Public**

**WHOEVER COMMITS ELECTION FALSIFICATION IS GUILTY OF A FELONY OF THE FIFTH DEGREE**