# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **WILLIAM SCHMITT, JR., et al.** : | |
| : | |
| Plaintiffs, : | Case No. 2:18-cv-966 |
| : | |
| v. : | Judge Edmund Sargus, Jr. |
| : | |
| **OHIO SECRETARY OF STATE** : | Magistrate Judge Elizabeth Deavers |
| **JON HUSTED, et al.,** : | |
| : | |
| Defendants. : | |

## ANSWER OF DEFENDANT
## OHIO SECRETARY OF STATE JON HUSTED

By and through counsel, Defendant Ohio Secretary of State Jon Husted responds and answers Plaintiffs' Complaint as follows:

1. Paragraph 1 states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

2. Paragraph 2 states legal conclusions to which no response is required.  Furthermore, the cited legal authority speaks for itself and no response to allegations regarding its content is required.  Any remaining allegations are denied.

3. Paragraph 3 states legal conclusions to which no response is required.  Furthermore, cited legal authority speaks for itself and no response to allegations regarding its content is required.  Any remaining allegations are denied.

4. Paragraph 4 states legal conclusions to which no response is required.  Furthermore, the cited legal authority speaks for itself and no response to allegations regarding its content is required.  Any remaining allegations are denied.

5. Paragraph 5 states legal conclusions to which no response is required.  Furthermore, the cited legal authority speaks for itself and no response to allegations regarding its content is required.  Any remaining allegations are denied.

6. Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

7. Paragraph 7 states legal conclusions to which no response is required. Furthermore, the cited legal authority speaks for itself and no response to allegations regarding its content is required. Any remaining allegations are denied.

8. Paragraph 8 states legal conclusions to which no response is required. Furthermore, the cited legal authority speaks for itself and no response to allegations regarding its content is required. Any remaining allegations are denied.

9. Paragraph 9 states legal conclusions to which no response is required. Furthermore, the cited legal authority speaks for itself and no response to allegations regarding its content is required. Any remaining allegations are denied.

10. Paragraph 10 states legal conclusions to which no response is required. Furthermore, the cited legal authority speaks for itself and no response to allegations regarding its content is required. Any remaining allegations are denied.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12. Paragraph 12 states legal conclusions to which no response is required. Furthermore, the cited legal authority speaks for itself and no response to allegations regarding its content is required. Any remaining allegations are denied.

13. Paragraph 13 states legal conclusions to which no response is required. Furthermore, the cited legal authority speaks for itself and no response to allegations regarding its content is required. Any remaining allegations are denied.

14. Paragraph 14 states legal conclusions to which no response is required. Furthermore, the cited legal authority speaks for itself and no response to allegations regarding its content is required. Any remaining allegations are denied.

15. Paragraph 15 states legal conclusions to which no response is required. Furthermore, the cited legal authority speaks for itself and no response to allegations regarding its content is required. Any remaining allegations are denied.

16. Paragraph 16 states legal conclusions to which no response is required. Furthermore, the cited legal authority speaks for itself and no response to allegations regarding its content is required. Any remaining allegations are denied.

17. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore the allegations in Paragraph 17 are denied.

18. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore the allegations in Paragraph 18 are denied.  Exhibit 1 speaks for itself and no response to allegations regarding its content is required.  Any remaining allegations are denied.

19. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore the allegations in Paragraph 19 are denied.  Exhibit 2 speaks for itself and no response to allegations regarding its content is required.  Any remaining allegations are denied.

20. Paragraph 20 states legal conclusions to which no response is required.  Exhibit 3 speaks for itself and no response to allegations regarding its content is required.  Any remaining allegations are denied.

21. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore the allegations in Paragraph 21 are denied.  Exhibit 3 speaks for itself and no response to allegations regarding its content is required.  Any remaining allegations are denied.

22. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore the allegations in Paragraph 22 are denied.  Exhibits 1,2, and 3 speak for themselves and no response to allegations regarding their content is required.  Any remaining allegations are denied.

23. Denied.  Because of the Court's Orders of September 19, 2018 (Doc. 22) and October 4, 2018 (Doc. 28), Plaintiffs' initiatives will appear on the ballot.  Any remaining allegations are denied.

24. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore the allegations in Paragraph 24 are denied.  Exhibit 4 speaks for itself and no response to allegations regarding its content is required. Any remaining allegations are denied.

25. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore the allegations in Paragraph 25 are denied. Exhibit 4 speaks for itself and no response to allegations regarding its content is required. Any remaining allegations are denied.

26. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore the allegations in Paragraph 26 are denied. Exhibit 4 speaks for itself and no response to allegations regarding its content is required. Any remaining allegations are denied.

27. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore the allegations in Paragraph 27 are denied.

28. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore the allegations in Paragraph 28 are denied.  Exhibit 2 speaks for itself and no response to allegations regarding its content is required.  Any remaining allegations are denied.

29. Denied.  Because of the Court's Orders of September 19, 2018 (Doc. 22) and October 4, 2018 (Doc. 28), Plaintiffs' initiatives will appear on the ballot.  Any remaining allegations are denied.

30. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore the allegations in Paragraph 30 are denied.  Exhibits 5, 6, and 7 speak for themselves and no response to allegations regarding their contents is required.  Any remaining allegations are denied.

31. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore the allegations in Paragraph 31 are denied.

32. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore the allegations in Paragraph 32 are denied.

33. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore the allegations in Paragraph 33 are denied.

34. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore the allegations in Paragraph 34 are denied.

35. The Secretary is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore the allegations in Paragraph 35 are denied.

36. Admitted that Defendant Jon Husted is the duly-elected Ohio Secretary of State and that the Secretary is the Chief Elections Official of Ohio. Admitted that the Secretary is sued only in his official capacity. The duties and responsibilities of the Secretary are set forth in numerous statutory provisions. Furthermore, the cited legal authority speaks for itself and no response to allegations regarding its content is required. To the extent Paragraph 36 contains conclusions of law, no response is necessary. Any remaining allegations are denied.

37. Admitted that the Secretary is the Chief Elections Official of Ohio. The duties and responsibilities of the Secretary are set forth in numerous statutory provisions. To the extent Paragraph 37 contains conclusions of law, no response is necessary. Furthermore, the cited legal authority speaks for itself and no response to allegations regarding its content is required. Any remaining allegations are denied.

38. Admitted that Defendants Craig M. Stephens, Patricia Nelson, Doria Daniels, and Elayne J. Cross are members of the Portage County Board of Elections. The duties and responsibilities of the county boards of elections are set forth in numerous statutory provisions. To the extent Paragraph 38 contains conclusions of law, no response is necessary. Any remaining allegations are denied.

39. Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

40. Paragraph 40 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

41. Admitted that the Portage County Board of Elections is a county board of elections. The duties and responsibilities of the county boards of elections are set forth in numerous statutory provisions. To the extent Paragraph 41 contains conclusions of law, no response is necessary. Any remaining allegations are denied.

42. Paragraph 42 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

43. Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

44. Paragraph 44 states legal conclusions to which no response is required. Specifically denied that "a substantial part of the events giving rise to Plaintiffs' claim occurred in this district." To the extent a response is required, the allegations are denied.

45. In response to Paragraph 45, to the extent it reincorporates other paragraphs of the Complaint, all defenses, denials, and averments of lack of knowledge of same are specifically incorporated by reference.

46. The Secretary denies the allegations in Paragraph 46.

47. The Secretary denies the allegations in Paragraph 47.

48. The Secretary denies the allegations in Paragraph 48.

49. The Secretary denies the allegations in Paragraph 49.

50. In response to Paragraph 50, to the extent it reincorporates other paragraphs of the Complaint, all defenses, denials, and averments of lack of knowledge of same are specifically incorporated by reference.

51. The Secretary denies the allegations in Paragraph 51.

52. The Secretary denies the allegations in Paragraph 52.

53. The Secretary denies the allegations in Paragraph 53.

54. The Secretary denies the allegations in Paragraph 54.

55. The Secretary denies the allegations in Paragraph 55.

56. The Secretary denies the allegations in Paragraph 56.

57. The Secretary denies the allegations in Paragraph 57.

58. The Secretary denies the allegations in Paragraph 58.

59. The Secretary denies the allegations in Paragraph 59.

60. In response to Paragraph 60, to the extent it reincorporates other paragraphs of the Complaint, all defenses, denials, and averments of lack of knowledge of same are specifically incorporated by reference.

61. The Secretary denies the allegations in Paragraph 61.

62. The Secretary denies the allegations in Paragraph 62.

63. The Secretary denies the allegations in Paragraph 63.

64. The Secretary denies the allegations in Paragraph 64.

65. In response to Paragraph 65, to the extent it reincorporates other paragraphs of the Complaint, all defenses, denials, and averments of lack of knowledge of same are specifically incorporated by reference.

66. The Secretary denies the allegations in Paragraph 66.

67. The Secretary denies the allegations in Paragraph 67.

68. The Secretary denies the allegations in Paragraph 68.

69. The Secretary denies the allegations in Paragraph 69.

70. The Secretary denies the allegations in Paragraph 70.

71. The Secretary denies the allegations in Paragraph 71.

72. The Secretary denies the allegations in Paragraph 72.

73. The Secretary denies the allegations in Paragraph 73.

74. The Secretary denies the allegations in Paragraph 74.

75. In response to the Prayer for Relief, including all sub-parts, the Secretary asks for judgment in his favor and denies that Plaintiffs are entitled to any relief.

76. All section headers are denied.

77. To the extent that any allegation remains that has not been expressly admitted or denied, such allegation is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. None of the challenged laws violates the United States Constitution.

3. Plaintiffs are not entitled to facial relief because Plaintiffs cannot prove the required showing for this relief.

4. This Court lacks jurisdiction over Plaintiffs' claims.

5. The doctrine of laches bars Plaintiffs' claims.

6. Plaintiffs lack standing to pursue relief.

7. Plaintiffs are not legally entitled to attorneys' fees, costs, and expenses.

8. The Secretary reserves the right to supplement his Answer with additional defenses, including affirmative defenses, as litigation in this matter proceeds.

WHEREFORE, Defendant Ohio Secretary of State Jon Husted respectfully asks that Plaintiffs' claims be dismissed in their entirety, with prejudice, and that Plaintiffs be awarded no relief, no costs, and no fees.

Respectfully submitted,

MIKE DeWINE
OHIO ATTORNEY GENERAL

/s/ *Renata Y. Staff*
SARAH E. PIERCE (0087799)*
  **Lead Counsel*
RENATA Y. STAFF (0086922)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
sarah.pierce@ohioattorneygeneral.gov
renata.staff@ohioattorneygeneral.gov

*Counsel for Defendant
Ohio Secretary of State Jon Husted*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2018, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

/s/ *Renata Y. Staff*
RENATA Y. STAFF (0086922)
Assistant Attorney General