**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **WILLIAM SCHMITT, JR., et al.,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:18-cv-966 |
| | : | |
| v. | : | Judge Edmund Sargus, Jr. |
| | : | |
| **OHIO SECRETARY OF STATE** | : | Magistrate Judge Elizabeth Deavers |
| **JON HUSTED, et al.,** | : | |
| | : | |
| Defendants. | : | |

---

**MOTION FOR RECONSIDERATION OF DEFENDANT**
**OHIO SECRETARY OF STATE FRANK LAROSE**

---

Defendant Secretary of State Frank LaRose moves for reconsideration for the limited purpose of clarifying the extent of the Court's order. Secretary LaRose is required to instruct the county boards of election as to the conduct of elections. *See, e.g.*, O.R.C. § 3501.05(B), (C). While the Court's February 11, 2019 Order extends and converts the preliminary injunction in this case to a permanent one, the Court's opinion suggests that the laws challenged in this case are unconstitutional in all applications. In order to accurately instruct the boards of elections as to the applicability of the Court's February 11, 2019 Order, Secretary LaRose requests reconsideration to clarify whether the permanent injunction applies statewide to enjoin all applications of O.R.C. §§ 3501.11(K), 3501.38(M)(1)(a), and 3501.39(A), or only to exclude Plaintiffs' "initiative petitions which are the subject of this case" from appearing on the Portage County ballot in a future election.

On August 28, 2018, Plaintiffs filed a complaint seeking, among other relief, a permanent injunction of O.R.C. §§ 3501.11(K), 3501.38(M)(1)(a), and 3501.39(A) as used "to authorize local elections boards to act as 'gatekeepers' of initiatives[.]" Compl., Doc. 1, at Prayer ¶ D. On

September 19, 2018, this Court entered a temporary restraining order directing "Ohio Secretary of State and the Portage County Board of Elections to place both initiative petitions which are the subject of this case on the upcoming ballot for the election to be held on November 6, 2018." Op. and Order, Doc. 22 at 10.  Defendants complied with the September 19, 2018 Order.

Given the limited duration of the temporary restraining order, the parties requested that the Court convert the temporary restraining order to a preliminary injunction which would remain in effect through election day.  On October 4, 2018, the Court agreed and converted "[the] temporary restraining order to a preliminary injunction, which expires on November 7, 2018."  Order, Doc. 28.  Briefing and argument continued "on the constitutionality of the Ohio laws at issue in this case on or before November 4, 2018."  *Id.*

On February 11, 2019, the Court issued an order that "reinstates and converts to permanent injunction the preliminary injunctive relief granted in its Opinion and Order issued on September 19, 2018."  Op. and Order, Doc. 37 at 10.  In its accompanying opinion, the Court found a procedural due process violation, holding that Plaintiffs have a liberty interest in the ballot-initiative process and that "the State of Ohio has not provided Plaintiffs an adequate review process."  *Id.* at 7-8.  The Court also noted that "Plaintiffs intend to submit identical initiative petitions in upcoming voting cycles."  *Id*. at 5.

Defendant does not seek a reassessment of the Court's holding.  *See, e.g.*, *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 136117, at *4 (S.D. Ohio Sep. 30, 2016) (noting reconsideration generally requires manifest error of law, newly discovered evidence, or intervening authority).  Defendant moves for reconsideration for the limited purpose of clarifying the extent of the Court's February 11, 2019 Order.  In order to accurately instruct the boards of elections as to the applicability of the Court's holding, Secretary LaRose requests

reconsideration of the Court's February 11, 2019 Order to clarify whether the permanent injunction applies to all counties to enjoin all applications of O.R.C. §§ 3501.11(K), 3501.38(M)(1)(a), and 3501.39(A), or only to exclude Plaintiffs' "initiative petitions which are the subject of this case" from a Portage County ballot in a future election.

<div style="margin-left:40%">

Respectfully submitted,

DAVE YOST
OHIO ATTORNEY GENERAL

/s/ *Sarah E. Pierce*
SARAH E. PIERCE (0087799)*
  *Lead Counsel*
RENATA Y. STAFF (0086922)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
sarah.pierce@ohioattorneygeneral.gov
renata.staff@ohioattorneygeneral.gov

*Counsel for Defendant*
*Ohio Secretary of State Frank LaRose*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2019, the foregoing was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

/s/ *Renata Y. Staff*
RENATA Y. STAFF (0086922)
Assistant Attorney General