UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SCHMITT**, et al.,

        Plaintiffs,

v.                           **CASE NO.2:18-cv-966**

                              Judge Edmund Sargus, Jr.

                              Magistrate Judge Elizabeth Deavers

**LAROSE,**[1] et al.,

        Defendants.

        _____/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR
RECONSIDERATION/CLARIFICATION**

     Defendants on February 25, 2019 moved the Court "for reconsideration for the limited purpose of clarifying the extent of the Court's order." *See* Motion, Doc. No. 39 at PAGEID #295.  Plaintiffs **OPPOSE** that motion.  The Court's award of permanent relief is not ambiguous; it plainly prohibits Defendants from enforcing Ohio's gatekeeper mechanism, which had been prospectively challenged both facially and as-applied by Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

     The language of the Court's February 11, 2019 Opinion and Order itself makes clear that Defendants are permanently enjoined from enforcing Ohio's gatekeeper mechanism.  Further, the pleadings and arguments tendered by the parties plainly establish that the Court's final Opinion

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Frank LaRose, who assumed office as Ohio's Secretary of State in place of Jon Husted on or about January 12, 2019, is automatically substituted as Defendant in this official capacity action.  The remaining Defendants from the Portage County Board of Elections remain the same.

1

and Order, entered on February 11, 2019, was not simply another order to Defendants to restore Plaintiffs' two initiatives to past ballots in Garrettsville and Windham for elections that had already taken place. The Court's injunction is plainly permanent and prospective, prohibiting Defendants from enforcing Ohio's gatekeeper mechanism in the future.

**I.     Plaintiffs' Complaint Demanded Only Permanent Forward-Looking Relief.**

Plaintiffs on August 28, 2018 filed a verified complaint challenging Ohio's so-called "gatekeeper mechanism" for placing citizen initiatives on local election ballots. This mechanism, codified in O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), authorizes local elections officials, without de novo judicial review, to decide which initiatives may be placed on local election ballots. *See* Complaint, Doc. No. 1. Plaintiffs claimed that this statutory gatekeeper mechanism had been applied to their marijuana decriminalization initiatives in two municipalities in the run-up to the 2018 general election, and accordingly requested injunctive relief both restoring their initiatives to those two local ballots and prohibiting enforcement of the gatekeeper mechanism in the future.

Specifically, Plaintiffs requested in their Verified Complaint:

A. a declaration under 28 U.S.C. § 2201 that O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court to authorize local elections boards to act as "gatekeepers" of initiatives are facially unconstitutional under the First Amendment;

B. a declaration under 28 U.S.C. § 2201 that O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court to authorize local elections boards to act as "gatekeepers" of initiatives are unconstitutional as-applied under the First Amendment;

C. a temporary restraining order and/or preliminary injunction under 42 U.S.C. § 1983 prohibiting Defendants from enforcing or acting under O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as

> authoritatively construed by the Ohio Supreme Court to authorize local elections boards to act as "gatekeepers" of initiatives;
>
> D.  a permanent injunction under 42 U.S.C. § 1983 prohibiting Defendants from enforcing or acting under O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court to authorize local elections boards to act as "gatekeepers" of initiatives; [and]
>
> E.  a temporary restraining order and/or preliminary injunction under 42 U.S.C. § 1983 directing Defendants to restore Plaintiffs' Garrettsville and Windham initiatives to the ballots of those Villages;
> ….

Complaint, Doc. No. 1 at PAGEID 16-17.  Plaintiffs' only claim to permanent injunctive relief expressly stated that it was to "prohibit[] Defendants from enforcing or acting under O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court to authorize local elections boards to act as 'gatekeepers' of initiatives …."  Complaint, Doc. No. 1, at PAGEID # 16 ¶ D.  Plaintiffs did not request a permanent injunction directing Defendants to restore Plaintiffs' two initiatives to local ballots.  Plaintiffs requested only "a temporary restraining order and/or preliminary injunction under 42 U.S.C. § 1983 directing Defendants to restore Plaintiffs' Garrettsville and Windham initiatives to the ballots of those Villages …."  Complaint, Doc. No. 1, at PAGEID 17 ¶ E.

**II.      The Court's Prior Preliminary Orders Specifically Addressed Restoring Plaintiffs' Initiatives to the Garrettsville and Windham Ballots.**

On September 19, 2018, following oral argument, this Court granted the relief Plaintiffs requested in ¶ E of their Complaint.   It stated that it "hereby **DIRECTS** the Ohio Secretary of State and the Portage County Board of Elections to place both initiative petitions which are the subject of this case on the upcoming ballot for the election to be held on November 6, 2018."

3

*Schmitt v. Husted*, 341 F. Supp.3d 784, 792-93 (S.D. Ohio 2018); Order, Doc. No. 22, at PAGEID # 170.  The Court explained:

> the Court finds no legitimate state interests in preventing an adequate legal remedy for petitioners denied ballot access by a board of elections. While the availability of mandamus relief is essentially a judicially imposed remedy when the law does not otherwise provide one, the high burden on petitioners to prove entitlement to an extraordinary remedy is no substitute for *de novo* review of the denial of a First Amendment right. For those reasons, the Court finds that Plaintiffs' have a high likelihood of success on the merits.

341 F. Supp.3d at 791; Order, Doc. No. 22, at PAGEID # 168.  Further, the Court stated:

> Ohio's regulatory scheme unreasonably infringes on Plaintiffs' First Amendment rights by allowing an executive board to determine disputed legal and even constitutional issues, thereby potentially blocking initiatives from the ballot, and then denying rejected petitioners a right to review.  No legitimate state interest is protected by a lack of appellate review. Similarly, Ohio voters are unlikely to suffer cognizable harm from Plaintiffs' access to the ballot.

341 F. Supp.3d at 792; Order, Doc. No. 22, at PAGEID # 169 (citation omitted).

The Court clearly stated that because Ohio's gatekeeper mechanism likely violated the First and Fourteenth Amendments to the United States Constitution, it was temporarily directing (as Plaintiffs had requested in ¶ E of their Complaint) Defendants to restore Plaintiffs' initiatives to the those two local elections ballots.

On October 3, 2018, the Court extended this temporary restraining order another fourteen days until October 16, 2018.  *See* Order, Doc. No. 26.  Following a phone conference with counsel, and with the parties' consent, the Court on October 4, 2018 converted that temporary restraining order into a preliminary injunction, set to expire on November 7, 2018, the day after the elections in Garrettsville and Windham.  *See* Order, Doc. No. 28.  The Court also, at Defendants' request, directed the parties to once again brief the case and appear for oral argument to address Plaintiffs' claim to further relief.  *See id*.

4

### III. Defendants' Argument During the Second Round of Briefing Was that Permanent Forward-Looking Relief Should Not be Granted.

During the second round of briefing, Defendants did not challenge the Court's prior temporary and preliminary orders directing Defendants to restore Plaintiffs' initiatives to the Garrettsville and Windham ballots.  Instead, Defendants singularly and specifically argued that Plaintiffs' request for further permanent prospective relief should be denied: "Because Plaintiffs have failed to meet their high burden to facially invalidate O.R.C. §§ 3501.11(K), 3501.38(M)(1)(a), and 3501.39(A), their request for such sweeping relief should be denied." Husted Brief, Doc. No. 30, at PAGEID # 198.  Defendants concluded by stating:

> Plaintiffs have not shown that any of O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A)'s applications are unconstitutional, let alone a substantial number of such applications. Therefore, Plaintiffs have failed to show that the challenged statutes are unconstitutional on their face. <u>Plaintiffs have failed to demonstrate their entitlement to a permanent injunction and their claims should be dismissed</u>.

Id. at PAGEID # 233 (emphasis added) (citation omitted).

There was never any doubt that Defendants' argument during this second round of briefing was directed at Plaintiffs' request for a permanent injunction prohibiting enforcement of Ohio's gatekeeper mechanism. The prior temporary and preliminary orders directing Defendants to restore Plaintiffs' initiatives to the Garrettsville and Windham ballots were no longer at issue. There was no need for any further relief -- let alone permanent relief -- to insure Plaintiffs' two initiatives had been restored to those local election ballots.  They had been; one initiative passed and one failed; the election was over.

### IV. The Court's Final Opinion and Order Rejected Defendants' Argument.

The Court plainly and clearly in its February 11, 2019 Opinion and Order rejected Defendants' motion to deny Plaintiffs' request for permanent relief and dismiss Plaintiffs' challenge to Ohio's gatekeeper mechanism.  The Court stated that it "**REINSTATES** and

**CONVERTS** to permanent injunction the preliminary injunctive relief granted in its Opinion and Order issued on September 19, 2018." *Schmitt v. Husted*, 2019 WL 517666, *5 (S.D. Ohio 2019); Opinion and Order, Doc. No. 37, at PAGEID # 293. The Court granted to Plaintiffs the only permanent injunctive relief they requested (in ¶ D of their Complaint), that is, "a permanent injunction under 42 U.S.C. § 1983 prohibiting Defendants from enforcing or acting under O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court to authorize local elections boards to act as 'gatekeepers' of initiatives." *See* Complaint, Doc. No. 1, at PAGEID # 16 ¶ D.

The Court clearly explained its reasoning:

> the Court finds no legitimate state interests in withholding an adequate legal remedy for petitioners denied ballot access by a board of elections. "Although a state has a wide scope in regulating the franchise, it is not permitted to adopt any standard it desires, but it is limited by the strictures of the federal and state constitutions...." Given the availability of mandamus relief is extraordinary and only exercised when the law does not otherwise provide an adequate remedy, the high burden on petitioners to prove entitlement to an extraordinary remedy is no substitute for *de novo* review of the denial of a constitutionally protected liberty interest. <u>Therefore, the Court finds Plaintiffs prevail on their constitutional challenge to Ohio's ballot initiative process</u>.

Id.; Opinion and Order, Doc. No. 37, at PAGEID # 292 (emphasis added).

The Court's February 11, 2019 Opinion and Order leaves absolutely no doubt that Plaintiffs "prevail[ed] on their constitutional challenge to Ohio's ballot initiative process" and that Defendants are now permanently enjoined from enforcing it. The February 11, 2019 Opinion and Order needs no clarification.[2]

---

[2] It is not apparent that permanent relief restoring an initiative (or candidate) to a past election ballot is even theoretically possible. *See Boegart v. Land*, 543 F.3d 862, 864 (6th Cir. 2008) (holding that preliminary injunction in election was moot once "Secretary Land has fulfilled all of the obligations required of her under the preliminary injunction, [and] that her actions are irrevocable"). Defendants are expressing confusion over a perceived possibility that likely could not occur. There would not be any reason for the Court to permanently enjoin Defendants to restore initiatives to ballots in elections that had already taken place.

## V. Reconsideration is Not a Proper Mechanism for Winning a "Second Chance" for Failed Arguments.

Defendants' Motion for Reconsideration appears to be an attempt to once again litigate what the Defendants have already lost. Defendants argued during the second round of briefing that the Court should not award Plaintiffs the permanent relief they requested. The Court disagreed and granted Plaintiffs permanent relief. Post-judgment motions are generally not proper mechanisms for winning second chances to prevail on failed arguments. Although it is not clear which Rule Defendants rely upon to seek reconsideration/clarification, this principle has been applied to Federal Rules of Civil Procedure 52 and 59. *See* S. GENSLER, FEDERAL RULES OF CIVIL PROCEDURE: RULES AND COMMENTARY 1025 (2014) ("Parties should not use a Rule 52(b) motion to relitigate issues previously decided or introduce new theories, but to correct 'manifest legal or factual errors' or to present newly discovered evidence."); *id.* at 1169 ("Rule 59(e) does not exist to give parties a 'second chance' to prevail on the merits generally. Accordingly, Rule 59(e) is not to be used to re-assert arguments, theories, and evidence that previously were rejected by the court."). Consequently, Defendants' attempt to litigate once again what it lost in the second round of briefing is not proper.

## CONCLUSION

Defendants' Motion for Reconsideration should be **DENIED**.

    Respectfully submitted,

    s/*Mark R. Brown*
    Mark R. Brown, Trial Counsel
    Ohio Registration No. 81941
    303 East Broad Street
    Columbus, OH 43215
    (614) 236-6590
    (614) 236-6956 (fax)
    mbrown@law.capital.edu

        Mark G. Kafantaris
        Ohio Registration No. 80392
        625 City Park Avenue
        Columbus, Ohio 43206
        (614) 223-1444
        (614) 300-5123(fax)
        mark@kafantaris.com

## **CERTIFICATE OF SERVICE**

I certify that this Motion was filed using the Court's electronic filing system and thereby will be served on all parties to this proceeding.

        s/*Mark R. Brown*
        Mark R. Brown