**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **WILLIAM SCHMITT, JR., et al.,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:18-cv-966 |
| | : | |
| v. | : | Judge Edmund Sargus, Jr. |
| | : | |
| **OHIO SECRETARY OF STATE** | : | Magistrate Judge Elizabeth Deavers |
| **JON HUSTED, et al.,** | : | |
| | : | |
| Defendants. | : | |

---

**DEFENDANT OHIO SECRETARY OF STATE FRANK LaROSE'S MOTION**
**TO STAY THE COURT'S FEBRUARY 11, 2019 ORDER PENDING APPEAL**

---

Defendant Ohio Secretary of State Frank LaRose moves the Court for an Order staying enforcement of its order issued on February 11, 2019 (doc. 37).  A memorandum of law supporting this motion follows.

Respectfully submitted,

DAVE YOST
OHIO ATTORNEY GENERAL

/s/ *Sarah E. Pierce*
SARAH E. PIERCE (0087799)*
  *Lead Counsel*
RENATA Y. STAFF (0086922)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
sarah.pierce@ohioattorneygeneral.gov
renata.staff@ohioattorneygeneral.gov

*Counsel for Defendant*
*Ohio Secretary of State Frank LaRose*

## MEMORANDUM IN SUPPORT

On February 11, 2019, the Court issued an order that made permanent the September 19, 2018 preliminary injunction, which directed placement of Plaintiffs' initiative petitions on the 2018 general election ballot. Op. and Order, Doc. 37 at 10; *see also* Order, Doc. 28 and Op. and Order, Doc. 22 at 10. In its accompanying opinion, the Court found a procedural due process violation and held that Plaintiffs have a liberty interest in the ballot-initiative process and that "the State of Ohio has not provided Plaintiffs an adequate review process." *Id.* at 7-8. This same process, however, is implicated by many other ballot-access provisions in Ohio. For example, boards of elections verify and count signatures on petitions, decide protests, and verify nominating petitions. To contest a board's decision, affected parties have a right to review in the courts by way of a mandamus action. Given Ohio's "strong interests" supporting the laws challenged in this case, and the wide-ranging implications of the Court's February 11, 2019 Order, Defendant Secretary of State LaRose requests a stay pending appeal.

## ARGUMENT

### A.    Standard of review

Evaluating a motion for a stay pending appeal involves four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (granting motion for emergency stay pending appeal) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991)); *see also Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir.2002) (per curiam). These

factors are not prerequisites to grant of a stay, but are instead "interconnected considerations" to be balanced by the reviewing court. *Coalition to Defend Affirmative Action*, 473 F.3d at 244.

### B.      Defendant is likely to succeed on appeal

Defendant is likely to succeed on appeal for at least two reasons.  First, Plaintiffs have presented no authority, argument, or evidence establishing a protected liberty interest.  "Only after a plaintiff has met the burden of demonstrating that he possessed a protected property or liberty interest and was deprived of that interest will the court consider whether the process provided  . . . violated his rights to due process." *Warren v. City of Athens*, 411 F.3d 697, 708 (6th Cir.2005).  Simply claiming that a challenged action impinges on a fundamental right, like the right to vote, "does not . . . implicate procedural due process[.]" *League of Women Voters v. Brunner*, 548 F.3d 463, 479 (6th Cir.2008).  Plaintiffs pled, briefed, and argued that the challenged laws deprived them of their First Amendment rights. *See*, *generally*, Cmplt. But Plaintiffs have failed to demonstrate that they have a protected liberty interest in placing their initiative on the ballot and there does not appear to be any authority supporting that contention. *See League of Women Voters*, 548 F.3d at 479 ("The brevity of argument in the League's brief--which subsumes procedural due process into the substantive due process analysis--reflects the lack of authority for this position.").  Plaintiffs specifically failed to address any procedural due process claim in their permanent injunction briefing, an issue raised by the Secretary. *See* Def. Sec'y Br., Doc. 30 at 33-37; Pls.' Br., Doc. 32.  Without a protected liberty interest, there is no procedural due process claim.

Second, even assuming individuals have a liberty interest in placing an initiative measure on the ballot, Plaintiffs had notice and opportunity to be heard by both the board of elections and the courts before being deprived of that interest. *Daily Servs., LLC v. Valentino*,

2

756 F.3d 893, 904 (6th Cir.2014) ("Procedural due process generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest.").  Plaintiffs had both notice and an opportunity to be heard at the public meeting where the board of elections declined to certify their ballot measures.  *See Gadd v. City of Warren*, No. 4:13cv1686, 2014 U.S. Dist. LEXIS 178979, at *24 (N.D. Ohio Dec. 31, 2014) (finding notice and opportunity to be heard on potential deprivation of property interest where public meeting was both properly noticed and plaintiff had opportunity to sign up to speak); *see also* Compl. Ex. 3, Doc. 1-3 (minutes of public meeting noting "public comment" session).  Plaintiffs were then entitled to seek review of that decision in court[1] by way of a mandamus action before losing placement on the ballot. Ohio courts have a "duty to liberally construe municipal initiative provisions to permit the exercise of the power of initiative." *State ex rel. N. Main St. Coalition v. Webb*, 106 Ohio St.3d 437, 835 N.E.2d 1222, 1232 (2005).  A court will also review the board of election's application of law to ensure it did not "act[] in clear disregard of applicable legal provisions." *See, e.g., State ex rel. Jacquemin v. Union County Bd. of Elections*, 147 Ohio St.3d 467, 67 N.E.3d 759, 762 (2016).  And a mandamus action is an effective remedy—courts have ordered that initiative measures appear on the ballot, despite a board's decision otherwise.  *See, e.g., State ex rel. Khumprakob v. Mahoning Board of Elections*, 153 Ohio St.3d 581, 583-84, 109 N.E.3d 1184, 1186 (Ohio 2018).

---

[1] Plaintiffs are also able to appeal a board of election's decision under Ohio Revised Code Chapter 2506.  *See* O.R.C. Chap. 2506 (providing appeal from orders of administrative officers and agencies); *State ex rel. Robinson-Bond v. Champaign Cty. Bd. of Elections*, 2011-Ohio-6127, 2011 Ohio App. LEXIS 5010, ¶ 7 (Ohio Ct. App. 2011) (noting, in election-related case, an O.R.C. Chapter 2506 appeal not an adequate remedy at law given proximity of election).

Plaintiffs did not provide any argument or support for the proposition that these avenues lack appropriate process to protect any liberty interest they might possess. To the contrary, a mandamus action has been specifically found to be an adequate post-deprivation process for "redress[ing] the termination of [] disability benefits," a recognized property interest. *Mathews v. Ohio Pub. Employees Ret. Sys.*, 91 F. Supp. 3d 989, 1002-1003 (S.D.Ohio 2015). There is no argument, evidence, or authority for the proposition that the challenged Ohio laws violate Plaintiffs' procedural due process rights.

## C. The equitable factors also support a stay

The Court recognized that Ohio has "strong interests" in ensuring fair and efficient elections, placing only lawful initiative measures on the ballot, and maintaining public confidence in the initiative process. *See* Order, Doc. 37 at 9. Importantly, the same procedure for review of local initiative measures applies to any number of ballot-access regulations—Ohio law requires county boards of elections, for example, to verify and count signatures on petitions (O.R.C. § 3501.11(K)), decide protests (*see*, *e.g.*, O.R.C. § 3513.05), and verify nominating petition forms (O.R.C. § 3501.11(K)(1)). Individuals who are affected by a board's decision have a right to review by way of a mandamus action. *See*, *e.g.*, *State ex rel. Scott v. Franklin Cty. Bd. of Elections*, 139 Ohio St.3d 171, 10 N.E.3d 697, ¶ 20 (Ohio 2014) (verification of signatures); *McLaughlin v. Cuyahoga Cty. Bd. of Elections*, 156 Ohio App.3d 98, 123, 709 N.E.2d 928, 931 (Ohio Ct. App. 1998) (nominating petition forms). The Court's February 11, 2019 Order draws into question this entire scheme, which is supported by Ohio's strong state interests. Secretary LaRose, the county boards of elections, and the public interest would be harmed if the Court's order is implemented before review by the Sixth Circuit.

4

## CONCLUSION

Based on the foregoing, Defendant Ohio Secretary of State Frank LaRose respectfully requests that this Court to stay enforcement of its Order dated February 11, 2019 (Doc. 37) pending appeal.

Respectfully submitted,

DAVE YOST
OHIO ATTORNEY GENERAL

/s/ *Sarah E. Pierce*
SARAH E. PIERCE (0087799)*
  *Lead Counsel*
RENATA Y. STAFF (0086922)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
sarah.pierce@ohioattorneygeneral.gov
renata.staff@ohioattorneygeneral.gov

*Counsel for Defendant*
*Ohio Secretary of State Frank LaRose*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2019, the foregoing was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

/s/ *Renata Y. Staff*
RENATA Y. STAFF (0086922)
Assistant Attorney General
