UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SCHMITT**, et al.,

                Plaintiffs,

v.                                           **CASE NO.2:18-cv-966**

                                                          Judge Edmund Sargus, Jr.

                                                           Magistrate Judge Elizabeth Deavers

**LAROSE,**[1] et al.,

                Defendants.

_____/

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
UNDER 42 U.S.C. § 1988(b)**

Pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54.2, Plaintiffs file this initial motion/application for costs and attorney's fees under 42 U.S.C. § 1988(b) against Defendants based on (1) Plaintiffs' success in having Ohio's gatekeeper mechanism found in O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and/or O.R.C. § 3501.39(A) temporarily restrained, *see* Order (September 19, 2018); Doc. No. 22, Order (October 3, 2018), Doc. No. 26, preliminarily enjoined, *see* Order (October 4, 2018), Doc. No. 28, and then permanently enjoined by this Court under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. *See* Opinion and Order (February 111, 2019), Doc. No. 37. Final judgment in Plaintiffs' favor was entered on February 11, 2019. *See* Doc. No. 38. Defendants are jointly and severally liable under 42 U.S.C. § 1988(b) for these costs and attorney's fees.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Frank LaRose, who assumed office as Ohio Secretary of State in place of Defendant Jon Husted on or about January 12, 2019, is automatically substituted as Defendant in this official capacity action. The remaining Defendants from the Portage County Board of Elections remain the same.

Plaintiffs' costs include the initial filing fee of $400.00 and attorney's fees for their two lawyers, Mark Brown and Mark Kafantaris. Brown expended 87.1 hours on Plaintiffs' successful claims to temporary, preliminary and permanent relief. *See* Exhibit 1 (Declaration of Mark Brown). Multiplied by his reasonable hourly rate ($400), his total fee is $34,840.00. Kafantaris expended 17.4 hours on Plaintiffs' successful claims to preliminary and permanent relief. *See* Exhibit 2 (Declaration of Mark Kafantaris). Multiplied by his reasonable hourly rate ($350), his total fee is $6090.00. Plaintiffs total costs, including attorney's fees, due from Defendants therefore sum as follows as of the filing of this Motion:

> Costs (filing fee): $400.00.
> Attorney's fees (Brown) $34,840.00.
> Attorney's fees (Kafantaris) $6090.00.
> TOTAL $41,330.00.

Plaintiffs reserve the right to amend this Motion to include any reasonable additional time incurred in this matter both in the District Court and during Defendants' appeal to the United States Court of Appeals for the Sixth Circuit. In support of this Motion, Plaintiffs include the attached Declarations with Exhibits and the following Memorandum of Law.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion should be **GRANTED**.

Respectfully submitted,

s/*Mark R. Brown*
Mark R. Brown, Trial Counsel
Ohio Registration No. 81941
303 East Broad Street
Columbus, OH 43215
(614) 236-6590
(614) 236-6956 (fax)
mbrown@law.capital.edu

Mark G. Kafantaris
Ohio Registration No. 80392
625 City Park Avenue
Columbus, Ohio 43206
(614) 223-1444
(614) 300-5123(fax)
mark@kafantaris.com

**CERTIFICATE OF SERVICE**

I certify that this Motion and accompanying Memorandum of Law were filed using the Court's electronic filing system and thereby will be served on all parties to this proceeding.

s/*Mark R. Brown*
Mark R. Brown

# MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR COSTS AND ATTORNEY'S FEES

## INTRODUCTION

Plaintiffs file this initial application for costs and attorney's fees under 42 U.S.C. § 1988(b) against Defendants based on Plaintiffs' success in having Ohio's gatekeeper mechanism found in O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and/or O.R.C. § 3501.39(A) temporarily restrained, *see* Order (September 19, 2018), Doc. No. 22; Order (October 3, 2018), Doc. No. 26, preliminarily enjoined, *see* Order (October 4, 2018), Doc. No. 28, and then permanently enjoined by this Court under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Final judgment has been entered in Plaintiffs' favor. *See* Opinion and Order, Doc. No. 37; Entry of Judgment, Doc. No. 38. Plaintiffs are prevailing parties within the meaning of 42 U.S.C. § 1988(b).

On February 25, 2019, Defendants moved for reconsideration. *See* Motion for Reconsideration, Doc. No. 39. Plaintiffs filed their Opposition to Defendants' Motion on March 11, 2019. *See* Response in Opposition to Motion, Doc. No. 40. On March 12, 2019, Defendants filed their Notice of Appeal from this Court's final judgment. *See* Notice of Appeal, Doc. No. 41. That same day Defendants moved to stay this Court's permanent injunction. *See* Motion to Stay, Doc. No. 42. Plaintiffs opposed that motion to stay on March 14, 2019. *See* Response in Opposition to Stay, Doc. No. 43.

## ARGUMENT

Local Rule 54.2(a) provides: "Unless a statute or court order provides otherwise, a motion for attorney's fees under Fed. R. Civ. P. 54 must be filed not later than forty-five days after the entry of judgment." Local Rule 54.2 governs the timing of attorney fee applications

4

under Federal Rule of Civil Procedure 54 and 42 U.S.C. § 1988(b) in this District. *See Hammock v. Commissioner*, 2015 WL 7292750 *2 (S.D. Ohio 2015) ("Local Rule 54.2 extend[s] that time to within forty-five days of the 'judgment'"). Final judgment was entered on February 11, 2019. *See* Entry of Judgment, Doc. No. 38. This Motion for Costs and Attorneys' Fees is therefore timely, having been filed within the time prescribed by Local Rule 54.2(a).

This Court retains jurisdiction to decide an application for costs and attorney's fees under Local Rule 54.2 notwithstanding Defendants' pending appeal. It has discretion, however, to defer further action on the costs/attorney's fees motion until completion of the appeal. "Although a district court retains jurisdiction to rule on a pending motion for attorney's fees even when an appeal is pending in the Sixth Circuit, issues of judicial economy counsel against ruling on the [applicant's] motion for fees at this time." *Smith v. Indian Hill Exempted Village School District*, 2012 WL 1813062 *1 (S.D. Ohio 2012). *See also Williams v. Usable Life*, 2013 WL 6835301 *1 (S.D. Ohio 2013) ("[A] decision on this issue is premature pending completion of the appeals process.").

Plaintiffs recognize that the Court has this discretion to defer ruling on their Motion at this time. They file their Motion for Costs and Attorneys' Fees to insure that they comply with Local Rule 54.2's 45-day window. Plaintiffs respectfully request that they be allowed to amend this application to seek additional costs and fees in the future should they be required to incur additional time and effort defending their judgment, including time incurred in the United States Court of Appeals for the Sixth Circuit.

**I. Plaintiffs Are Prevailing Parties.**

Plaintiffs are prevailing parties in the above-styled action and are therefore entitled to attorney's fees under 42 U.S.C. § 1988(b). *See Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Services*, 532 U.S. 598 (2001). Plaintiffs fully and completely prevailed under their constitutional challenge to Ohio's gatekeeper mechanism, having won temporary, preliminary, and permanent injunctive relief.

**II. Determining the Lodestar.**

Courts in the Sixth Circuit generally look to the twelve factors found in *Johnson v Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to assess the reasonableness of an award of attorney's fees. *See*, *e.g*, *Perry v. Autozone Stores, Inc*., 624 Fed. Appx. 370, 372 (6th Cir. 2015) ("Among the factors the district court may consider are the twelve described in *Johnson v. Georgia Highway Express*"); *Jordan v. City of Cleveland*, 464 F.3d 584 (6th Cir. 2006); *see also Jiminez v. Wood County*, 621 F.3d 372 (5th Cir. 2010).

These 12 factors, which need not all prove relevant, include: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

6

A review of these 12 factors indicates that Plaintiffs' attorneys are entitled to be compensated for the reasonable number of hours they have submitted to the Court and for the reasonable hourly rates they claim.

**A. Time and Labor Expended.**

The "hours claimed or spent on a case ... are a necessary ingredient to be considered," *Johnson v Georgia Highway Express, Inc*., 488 F.2d 714, 717 (5th Cir. 1974); indeed, they are viewed as "the most useful starting point for determining the amount of a reasonable fee." *Hensley v. Eckerhardt*, 461 U.S. 424 (1983). In seeking an award of fees, attorneys have an obligation to exercise "billing judgment." *Id*. at 434. That is, attorneys should exclude time devoted to unsuccessful claims, should apportion time shared by more than one client and/or case, and should generally avoid billing time that is not fairly attributable to success in the case at hand.

Here, Plaintiffs' lawyers have kept and submitted for the Court's review contemporaneous time-records in six-minute (one-tenth of an hour) increments. They have exercised billing judgment by billing only for those hours that supported Plaintiffs' successful temporary, preliminary and permanent injunctions. Plaintiffs' counsel have further exercised billing judgment by not billing for many communications with their clients, between themselves and with Defense counsel that were shorter than six minutes.

Time constitutes "the starting point" for determining the amount of Plaintiffs' reasonable fee. *Hensley v Eckerhardt*, 461 U.S. at 434. It is not uncommon, of course, for lawyers in complex cases to dedicate hundreds and even thousands of hours to success. *See*, *e.g*., *Lightfoot v. Walker*, 826 F.2d 516, 522 (7th Cir. 1987) (finding that more than 6,000 hours claimed by the

plaintiffs' attorneys in litigating a lengthy and complex prison conditions suit were reasonable when the district court "carefully reviewed the attorneys' time sheets and considered their testimony regarding the division of tasks."). Ultimately the question is whether those hours are reasonable. Here, Plaintiffs' lawyers have been careful to insure that the limited number of hours invested in the case were tailored and necessary to the successful outcome. Their time is reasonable. They should be compensated for all of the time they invested in their clients' success.

### B. Difficulty of Questions Presented.

This case involved difficult constitutional questions under the First and Fourteenth Amendments to the United States Constitution. The ultimate question was whether Ohio's gatekeeper mechanism for initiatives, which vested in local elections officials the authority to choose which initiatives to allow access to ballots, violated the First and Fourteenth Amendments. The Court correctly concluded that in the absence of proper judicial review this executive discretion was unconstitutional. Defendants found the question difficult enough to request an additional round of briefing, which was granted by the Court.

### C. Skill Requisite to Perform the Legal Service Properly.

This criterion is addressed to the Court's assessment of the attorneys based upon its observation of "the attorney's work product, ... his preparation, and general ability before the court." *Johnson*, 488 F.2d at 718. The judge is to apply his or her expertise gained from his or her own career, both as a lawyer and as a judge. *Id*.

This criterion asks, initially, whether a plaintiff's lawyer was competent and experienced to do the job assigned and, thereby, whether the prevailing plaintiff is deserving of the reasonable hourly rates for lawyers engaged in this type of litigation. The fact that the Plaintiffs

here won temporary, preliminary and permanent relief in less than six months is testament to their skill and services. Plaintiffs' lead counsel, Brown, has won ballot access for minor parties and candidates before in Ohio and has been previously awarded fees under § 1988(b) by this Court. *See*, *e.g.*, *Moore v. Brunner*, 2010 WL 317017 (S.D. Ohio 2010) (successful ballot access case against the Ohio Secretary of State for Socialist Party candidate); *Libertarian Party of Ohio v. Husted*, 2013 WL 4833033 (S.D. Ohio 2013) (successful ballot access case for Libertarian Party of Ohio). Kafantaris has also been successful in past civil rights cases involving ballot access in this District. *See*, *e.g.*, *Libertarian Party of Ohio v. Husted*, 2014 WL 11515569 (S.D. Ohio 2014) (striking down Ohio law that removed Libertarians from ballot). Both lawyers possess the requisite skills needed to efficiently prosecute ballot access litigation.

**D. The Preclusion of Employment by Attorneys Due to Acceptance of the Case.**

Plaintiffs' lawyers do not claim that they were precluded from taking other employment because of this case.

**E. The Customary Fee.**

This Court in *Hines v. DeWitt*, 2016 WL 2342014 at * 3 (S.D. Ohio 2016), took "judicial notice of the most recent Ohio State Bar Association Report as evidence of prevailing local market rates; *see* Ohio State Bar Ass'n, The Economics of Law Practice in Ohio in 2013." Using this Report, the Court observed that "$350 per hour is the *median* rate for civil-rights attorneys in Ohio, and the Court is confident that the median attorney in that survey would be competent to undertake this litigation." *Id*. at *4 (emphasis added).

Plaintiffs' two lawyers' compensation should be compensated at or above this median rate. Brown should be awarded the rate of $400/hour based on his thirty-plus years of practice

9

and skill in the specialty of ballot access. Kafantaris should be awarded the median of $350.00/hour based on his thirteen years of practice and skill in the specialty of ballot access. Brown has been licensed for over 30 years, teaches Constitutional Law and Constitutional Litigation at Capital University Law School, and has practiced civil rights and ballot access litigation for many of the years he has been licensed. Kafantaris has been licensed for thirteen years and has practiced civil rights and ballot access litigation throughout that time. They both are at or above the median rate.

### F. Awards in Similar Cases.

The hourly rates paid to lawyers in civil rights cases in the Southern District support this median rate. In *McConaha v. City of Reynoldsburg*, 2008WL2697310 (S.D. Ohio 2008), for example, this Court sustained an attorney fee award in a § 1983 case based on a rate of $400.00 per hour. In *Landsberg v. Acton Enterprises, Inc*., 2008WL2468868 (S.D. Ohio 2008), the Court awarded $350.00 per hour in a civil rights case. In *Kauffman v. Sedalia Medical Center*, 2007WL490896 (S.D. Ohio 2007), the Court awarded $325.00 per hour in another civil rights case. Six years ago -- before the Ohio State Bar Association Report relied on by this Court was released - - Brown was awarded fees based on a $300.00 hourly rate in a ballot access case. *Libertarian Party of Ohio v. Husted*, 2013 WL 4833033 (S.D. Ohio 2013). As made clear by the more recent Ohio State Bar Association study and similar cases, the median rate has increased to $ 350 since that time, which should now serve as the benchmark for judging Brown's and Kafantaris's reasonable rates.

### G. Experience, Reputation and Ability of the Attorneys.

Attorneys Brown and Kafantaris are accomplished constitutional litigators who have been involved in a significant amount of constitutional litigation over the course of several years.

10

Brown's civil rights experience traces back over 25 years. *See*, *e.g.*, *Beattie v. City of St. Petersburg Beach*, 733 F. Supp. 1455 (M.D. Fla. 1990).  Kafantaris has succeeded in enjoining an Ohio law banning non-residents from circulating candidates' part-petitions, *see Libertarian Party of Ohio v. Husted*, 2013 WL 11310689 (S.D. Ohio 2013), as well as Ohio's law removing Libertarian candidates from ballots.  *See Libertarian Party of Ohio v. Husted*, 2014 WL 11515569 (S.D. Ohio 20140. Their experience and expertise allows them to pursue complex cases with fewer hours than might ordinarily be required. Their expertise, which translates into less time, justifies a premium rate.

### H. Whether the Fee Is Fixed or Contingent.

The fee here was contingent. The clients themselves paid nothing. Plaintiffs' lawyers expected payment only based on their success. Consideration of contingency as a factor in determining the reasonableness of the hourly rate is appropriate, and counsel's rates are well within the range of hourly rates charged even for non-contingency work. *See* Samuel R. Berger, *Court Awarded Attorneys' Fees: What is "Reasonable?*," 126 U. PA. L. REV. 281, 324-25 (1977) ("The experience of the marketplace indicates that lawyers generally will not provide legal representation on a contingent basis unless they receive a premium for taking that risk").  Given the contingent nature of the fee recovery in this case, premium rates are appropriate.

### I. Time Limitations Imposed by the Client or the Circumstances.

Because of the late date at which Plaintiffs' initiatives were removed from the Portage County ballots and the closely approaching 2018 election, time was a constant concern for Plaintiffs.  Plaintiffs' lawyers were required to act quickly in order to win both temporary and preliminary relief.  The continuing nature of the problem required additional fast action in order to win permanent relief before the upcoming spring 2019 elections.  The demand for quick and

efficient action by Plaintiffs' lawyers justifies a premium rate and corroborates Plaintiffs' reasonable hours.

### J. The Results Obtained.

As explained above, Plaintiffs achieved excellent results and significant success. Ohio's gatekeeper mechanism was temporarily restrained, preliminarily enjoined, and permanently enjoined within six months of Plaintiffs' having filed their action. This success justifies premium rates and corroborates Plaintiffs' reasonable hours.

### K. Undesirability of the Case.

Plaintiffs do not claim their case was undesirable.

## CONCLUSION

Plaintiffs respectfully request that their Motion for the following amounts to be paid by Defendants be **GRANTED**:

> Costs (filing fee): $400.00.
>
> Attorney's fees (Brown) $34,840.00.
>
> Attorney's fees (Kafantaris) $6090.00.
>
> TOTAL $41,330.00.

Respectfully submitted,

s/*Mark R. Brown*
Mark R. Brown, Trial Counsel
Ohio Registration No. 81941
303 East Broad Street
Columbus, OH 43215
(614) 236-6590
(614) 236-6956 (fax)
mbrown@law.capital.edu

Mark G. Kafantaris<br>
Ohio Registration No. 80392<br>
625 City Park Avenue<br>
Columbus, Ohio 43206<br>
(614) 223-1444<br>
(614) 300-5123(fax)<br>
mark@kafantaris.com

## CERTIFICATE OF SERVICE

I certify that this Motion and Memorandum of Law were filed using the Court's electronic filing system and thereby will be served on all parties to this proceeding.

s/<i>Mark R. Brown</i><br>
Mark R. Brown