UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SCHMITT**, et al.,

                      Plaintiffs,

v.                                   **CASE NO.2:18-cv-966**

                                      Judge Edmund Sargus, Jr.

                                      Magistrate Judge Elizabeth Deavers

**LAROSE,** et al.,

                      Defendants.

_____/

**DECLARATION OF MARK BROWN IN SUPPORT OF AWARD OF ATTORNEYS'
FEES AND LITIGATION EXPENSES**

**(Pursuant to 28 U.S.C. § 1746)**

      I, Mark R. Brown, the undersigned, hereby declare under oath and subject to penalty of perjury that the following is true and correct to the best of my knowledge:

      1.      I am a licensed attorney in Ohio and was lead counsel in the above-styled case.

      2.      I have reasonably incurred 87.1 hours in litigating the above-styled case.

      3.      The itemized break-down of my time, contemporaneously transcribed in six minute intervals, is attached as Attachment 1 to this Declaration and is incorporated into this Declaration.

      4.      I have been continuously licensed to practice law since 1984.

      5.      My reasonable hourly rate measured against the median rate for the practice of Civil Rights Litigation in Columbus, Ohio is $400.00 per hour.

      6.      I have successfully prosecuted a number of civil rights cases under 42 U.S.C. §

1

1983 during the course of my thirty-plus year career. *See, e.g., Moore v. Brunner*, 2010 WL 317017 (S.D. Ohio 2010); *Libertarian Party of Ohio v. Husted*, 2013 WL 4833033 (S.D. Ohio 2013); *Libertarian Party of Ohio v. Husted*, No. 11-722 (S.D. Ohio 2011, *vacated as moot*, 497 Fed. Appx. 581 (6th Cir. 2012); *Libertarian Party of Ohio v. Brunner,* 567 F. Supp.2d 1006 (S.D. Ohio 2008); *Moore v. Brunner,* 2008WL2323530 (S.D. Ohio 2008); *Speak Up Tampa Bay Public Access Television, Inc. v. Board of Hillsborough County Commissioners,* 2002 WL 32107639 (M.D. Fla. 2002); *Florida State Conference of NAACP Branches v. City of Daytona Beach,* 54 F. Supp.2d 1283 (M.D. Fla. 1999); *Beattie v. City of St. Petersburg Beach,* 733 F. Supp. 1455 (M.D. Fla. 1990).

7. My vita is attached to this Declaration as Attachment 2 and incorporated into this Declaration.

8. I hold the Newton D. Baker/Baker & Hostetler Chair at Capital University in Columbus, Ohio, where I have taught courses in the Law School on Constitutional Law and Constitutional Litigation since 2003.

9. I have co-authored a text book on § 1983 litigation, which is current and now in its third edition.

FURTHER, declarant says not.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 15, 2019.

*[signature]*

Mark R. Brown

## ATTACHMENT 1

### Schmitt v. Husted Time Sheet

### No. 18-966

| | | |
|---|---|---|
| Tue. 8/21/2018 | conference with clients | N/C |
| Wed. 8/22 | conference with clients | N/C |
| Thurs. 8/23 | Research 1st Amendment | 2.3 |
| Fri. 8/24 | Research meaning of gatekeeper law | 2.8 |
| Sat. 8/25 | Research 1st Amendment | 6.7 |
| Sun. 8/26 | Draft Motion for TRO/PI | 2.6 |
| Mon. 8/27 | Draft Motion for TRO/PI | 4.2 |
| Tues. 8/28 | Draft Verified Complaint | 2.8 |
| | Finalize Motion for TRO/PI | 1.7 |
| | Finalize Complaint/File | N/C |
| Wed. 8/29 | Telephone Conference with Court | 0.3 |
| Fri. 8/31 | Research prior restraint doctrine | 2.9 |
| | Research forum analysis | 1.8 |
| Sat. 9/1 | Draft Reply to State | 1.3 |
| | Draft Reply to State | 1.8 |
| Tue. 9/11 | Draft Reply to State | 1.3 |
| | Review Port. Co. Response | 0.6 |
| | e-mail clerk | 0.1 |
| | e-mail counsel | N/C |
| Wed. 9/12 | Review Husted Response | 1.3 |

1

|  |  |  |
|---|---|---|
|  | Research cases in Response | 2.6 |
|  | Draft Reply | 1.8 |
| Thurs. 9/13 | Draft Reply | 0.8 |
|  | e-mail co-counsel | 0.1 |
|  | Review co-counsel corrections | 0.4 |
|  | Draft Reply and Review Final Draft | 1.6 |
|  | File with Court | N/C |
| Fri. 9/14 | Review Ohio Supreme Court opinion | 0.2 |
|  | File opinion with court | 0.1 |
| Sun. 9/16 | Review Memorandum for oral argument | 0.8 |
| Mon. 9/17 | Prepare for oral argument | 0.7 |
|  | Travel to and from Court | 0.8 |
|  | Oral argument | 0.6 |
|  | Meeting with client | 0.3 |
| Wed. 9/19 | Review TRO | 0.4 |
|  | e-mail clients | N/C |
| Mon. 9/24 | Telephone with opposing counsel (Pierce) | 0.1 |
|  | e-mail clerk | 0.1 |
| Thurs. 10/4 | Status Conference with Court | 0.2 |
|  | Review TRO | N/C |
| Mon. 10/29 | Review Husted Answer | 0.9 |
| Fri. 11/2 | Review Portage Co. Answer | 0.4 |
| Sun. 11/4 | Review and Research Husted Brief | 3.3 |

2

| | | |
|---|---|---|
| Tue. 11/6 | Research and Write Response | 1.6 |
| | Research and Write Response | 1.8 |
| | Research and Write Response | 1.6 |
| Wed. 11/7 | Research and Write Response | 2.7 |
| | Research and Write Response | 1.5 |
| Thurs. 11/8 | Research and Write Response | 1.2 |
| Mon. 11/12 | Research and Write Response | 0.7 |
| | Research and Write Response | 2.6 |
| Tues. 11/13 | Meet with clients | N/C |
| Fri. 11/16 | Review and incorporate co-counsel's changes | 0.4 |
| | Re-write Response | 1.2 |
| Sat. 11/17 | Review and Edit Response | 0.7 |
| Sun. 11/18 | Finalize and File Response | 0.4 |
| | e-mail clients | N/C |
| Fri. 12/14 | Read and Review Husted Reply | 1.4 |
| | e-mail co-counsel | 0.2 |
| | e-mail clients | N/C |
| Mon. 12/17 | Research federal jurisdiction at request of Court | 1.5 |
| Tues. 12/18 | Research federal jurisdiction | 0.7 |
| | Prepare for oral argument | 1.6 |
| Wed. 12/19 | Prepare for oral argument | 0.4 |
| | Travel to argument | 0.3 |
| | Oral argument | 0.6 |

3

| | | |
|---|---|---|
| Mon. 2/11/2019 | Travel from argument | 0.3 |
| | Review Final Order/Judgment | 0.5 |
| | e-mail clients | 0.1 |
| Mon. 2/25 | Review Motion for Reconsideration | 0.3 |
| | e-mail co-counsel | 0.1 |
| | Research Response/Motion for Reconsideration | 0.4 |
| Tues. 3/5 | Draft Motion for Attorney's Fees | 2.3 |
| | Redraft Motion for Attorney's Fees | 0.8 |
| | Draft Opposition to Husted's Motion for Clarification | 1.9 |
| | e-mail co-counsel | N/C |
| Wed. 3/6 | Review Time Sheet and Prepare Declaration | 0.6 |
| Sun. 3/10 | Finalize and File Opposition to Motion for Reconsideration | 0.3 |
| Wed. 3/13 | Review and Research Motion to Stay | 1.1 |
| | Draft Opposition | 1.0 |
| | Draft Opposition | 0.7 |
| | Draft Opposition | 1.8 |
| | e-mail co-counsel | N/C |
| Thurs. 3/14 | Review Corrections to Opposition, Draft and File | 1.3 |

TOTAL TO DATE  
<u>March 15, 2019</u>                                                                87.1

x 400

= $ 34,840.00

4

**ATTACHMENT 2**

**MARK R. BROWN**
Newton D. Baker/Baker & Hostetler Chair
Capital University Law School
303 East Broad Street
Columbus, OH 43215
(614) 236-6590
mbrown@law.capital.edu

**EMPLOYMENT**

CAPITAL UNIVERSITY, Newton D. Baker/Baker & Hostetler Chair, 2003-present

FLORIDA STATE UNIVERSITY, Visiting Professor, Summer 2007

THE OHIO STATE UNIVERSITY, Visiting Professor, Fall 1999

UNIVERSITY OF ILLINOIS, Visiting Professor, 1991-1992, 1998-1999, Spring 2003

STETSON UNIVERSITY, Professor, 1986-2003

SUPREME COURT OF THE UNITED STATES, Judicial Fellow for the Chief Justice, 1993-1994

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, Law Clerk to the Honorable Harry W. Wellford, 1984-1985

**EDUCATION**

UNIVERSITY OF ILLINOIS COLLEGE OF LAW, LL.M. (1988)

UNIVERSITY OF LOUISVILLE SCHOOL OF LAW, J.D. (1984)
Valedictorian; Law Review Editorial Board

UNIVERSITY OF DAYTON, B.S. (Mathematics) (1981)

**PUBLICATIONS**

*Books and Book Chapters*

> Brown, Marijuana and Religious Freedom in the United States, in PROHIBITION, RELIGIOUS FREEDOM AND HUMAN RIGHTS: REGULATING TRADITIONAL DRUG USE (Labate & Cavnar, eds., 2014) (Springer).

BROWN & KINPORTS, CONSTITUTIONAL LITIGATION UNDER § 1983 (3d ed. 2013) (Lexis) (with Teacher's Manual and 2018 Supplement).

Brown, A Primer on Attorney's Fees Under § 1988, 22 CIVIL RIGHTS LITIGATION AND ATTORNEY FEES ANNUAL HANDBOOK (Saltzman, ed., 2006).

Brown, Individual Immunity Under Section 1983: Absolute is Constant but Qualified is Divisive, 14 CIVIL RIGHTS LITIGATION AND ATTORNEY FEES ANNUAL HANDBOOK (Saltzman, ed., 1999).

Brown, The Changing Fourth Amendment: An Unfortunate Devolution, CONTROVERSIAL ISSUES IN POLICING (Sewell, ed., 1999).

*Law Journals*

Brown, Bruce's "Other" Supreme Court Case, 48 STETSON L. REV. 307 (2019) (forthcoming).

Brown, Foreword: Is Privacy on Life Support?, 44 CAP. U. L. REV. 671 (2016).

Brown, Serving State Officers in Official-Capacity Actions: Is Mail An Option?, 31 ST. LOUIS U. PUB. L. REV. 383 (2012).

Brown, Qualified Immunity and Interlocutory Fact-Finding in the Courts of Appeals, 114 PENN. ST. L. REV. 1317 (2010).

Brown, Structural Limitations on Non-Legislative Regulations of Federal Elections, 7 DARTMOUTH L. J. 260 (2009).

Brown, The Fall and Rise of Qualified Immunity: From Hope to Harris, 9 NEV. L. J. 185 (2008).

Brown, Policing Ballot Access: Lessons From Nader's 2004 Run for President, 35 CAP. U. L. REV. 165 (2006).

Brown, Ballot Fees as Impermissible Qualifications for Federal Office, 54 AM. U. L. REV. 1283 (2005).

Brown, Closing the Crusade: A Brief Response to Professor Woodhouse, 34 CAP. U. L. REV. 331 (2005).

Brown, A Primer on Attorney's Fees Under § 1988, 37 URBAN LAWYER 663 (2005), reprinted in 22 CIVIL RIGHTS LITIGATION AND ATTORNEY FEES ANNUAL HANDBOOK (Saltzman, ed., 2006)

Brown, Rescuing Children from Abusive Parents: The Constitutional Value of Pre-Deprivation Process, 65 OHIO ST. L.J. 913 (2004).

Brown, Affirmative Inaction: Stories from a Small Southern School, 75 TEMPLE L. REV. 201 (2002).

Brown, Deterring Bully Government: A Sovereign Dilemma, 76 TULANE L. REV. 149 (2001).

Brown, Weathering Constitutional Change, 2000 U. ILL. L. REV. 1091.

Brown, The Failure of Fault Under § 1983: Municipal Liability for State Law Enforcement, 84 CORNELL L. REV. 1503 (1999).

Brown, Popularizing Ballot Access: The Front Door to Election Reform, 58 OHIO ST. L.J. 1281 (1997).

Brown, Gender Discrimination in the Supreme Court's Clerkship Selection Process, 75 OREGON L. REV. 59 (1996).

Brown, A Case for Pregnancy-Based Unemployment Insurance, 29 U. MICH. J. L. REF. 41 (1995-1996) (symposium).

Brown, The Demise of Constitutional Prospectivity: New Life for Owen?, 79 IOWA L. REV. 273 (1994).

Brown & Greenberg, On Formally Undecidable Propositions of Law: Legal Indeterminacy and the Implications of Meta-Mathematics, 43 HAST. L.J. 1439 (1992).

Brown, Accountability in Government and Section 1983, 25 U. MICH. J.L. REF. 53 (1991).

Brown, Correlating Municipal Liability and Official Immunity Under Section 1983, 1989 U. ILL. L. REV. 625.

Brown, De-Federalizing Common Law Torts: Empathy for Parratt, Hudson and Daniels, 28 B.C. L. REV. 813 (1987).

Brown, Criminal Law, 11 NOVA L. REV. 1217 (1987).

> Brown, The Psychedelic Perspective: The Freedom of Religion Defense, 11 AM. IND. L. REV. 125 (1983).
>
> Note, Whose Life (Insurance) Is It Anyway? Life Insurance and Divorce In America, 22 J. FAM. L. 95 (1983-1984).

**CONSTITUTIONAL AND PUBLIC INTEREST LITIGATION** (select cases)

*Supreme Court of the United States*

Filed *amici curiae* brief on behalf of National Association of Criminal Defense Lawyers, New York County Bar Association, and Center for Constitutional Rights in *Camreta v. Greene,* 131 S. Ct. 2020 (2011) (arguing that government should procure warrant before seizing young children who are allegedly abused; Supreme Court ruled that matter was moot).

Filed *amicus curiae* brief on behalf of the American Civil Liberties Union in *Hope v. Pelzer,* 536 U.S. 730 (2002) (successfully arguing that qualified immunity should not turn only on existence of factually similar reported cases).

Filed merits brief on behalf of prisoner in *Parke v. Raley,* 506 U.S. 20 (1992) (unsuccessfully arguing that state should have burden of proving validity of previous convictions used for sentence enhancement).

*United States Courts of Appeals*

Lead counsel for Libertarian Party in *Libertarian Party of Ohio v. Husted*, 831 F.3d 382 (6th Cir. 2016) (holding that Governor Kasich's campaign and the Ohio Republican Party were not state actors when they removed the Libertarian Party's gubernatorial candidate from the ballot).

Lead counsel for Libertarian Party in *Libertarian Party of Ohio v. Husted*, 751 F.3d 403 (6th Cir. 2014) (holding that Ohio's law requiring circulators of candidates' petitions for ballot access disclose on each part-petition who paid them).

Lead counsel for Libertarian Party in *Libertarian Party of Ohio v. Husted*, 497 Fed. Appx. 581 (6th Cir. 2012) (vacating and remanding as moot Libertarian Party's successful suit to win ballot access after election and after Ohio repealed law and noting that Libertarian Party could still win attorney's fees).

Lead counsel for Libertarian Party in *Libertarian Party of Louisiana v. Dardenne,* 595 F.3d 215 (5th Cir. 2010) (unsuccessfully arguing that election law challenge based on Hurricane Gustav's closing Secretary of State's office during qualifying period was not rendered moot by election).

Lead counsel for Socialist candidate for President in *Moore v. Hosemann,* 591 F.3d 741 (5th Cir. 2009) (successfully arguing that election law challenge based on Secretary of State's refusal to keep statutorily prescribed office hours was not rendered moot by election).
Lead counsel for presidential candidate Ralph Nader in *Nader v. Blackwell,* 545 F.3d 459 (6th Cir. 2008) (successfully arguing that Ohio's residence requirement for circulators of candidates' petitions violated the First Amendment).

Lead counsel for independent congressional candidate in *Stevo v. Keith,* 546 F.3d 405 (7th Cir. 2008) (unsuccessfully arguing that Illinois's signature requirement for independent congressional candidates violated the First Amendment) (oral argument available under Case No. 08-3218 at http://media.ca7.uscourts.gov/sound/2008/migrated.orig.08-3218_09_25_2008.mp3).

Lead counsel for presidential candidate Ralph Nader in *Blankenship v. Blackwell,* 429 F.3d 254 (6th Cir. 2005) (unsuccessfully arguing that Ohio's exclusion of Ralph Nader from its presidential ballot was not mooted by election).

Counsel for *amicus curiae*, American Center for Law & Justice, in *Evans v. Stephens,* 407 F.3d 1272 (11th Cir. 2005) (en banc) (successfully arguing that strip search of a pre-trial detainee accused of minor, non-drug-related offense violated the Fourth Amendment).

Counsel for *amicus curiae,* American Civil Liberties Union of Florida, Inc., in *Durruthy v. Pastor*, 351 F.3d 1080 (11th Cir. 2003) (unsuccessfully arguing that arrest of news reporter who was filming police violated Fourth Amendment and should not be protected by qualified immunity).

Lead counsel for parents in *Doe v. Kearney,* 329 F.3d 1286 (11th Cir. 2003) (unsuccessfully arguing that Florida's practice of removing children from their homes without warrants violated the Fourth and Fourteenth Amendments).

Lead counsel for congressional candidate in *Green v. Mortham,* 155 F.3d 1332 (11th Cir. 1998) (unsuccessfully arguing that Florida's $10,000 filing fee for congressional office violated the First Amendment).

Counsel for *amicus curiae,* American Civil Liberties Union of Florida, Inc., in *Cafe 207, Inc. v. St. Johns County,* 66 F.3d 272 (11th Cir. 1995), and 989 F.2d 1136 (1993) (unsuccessfully arguing that county's ban on nearly-nude dancing violated the First Amendment).

**PROFESSIONAL**

Chair, 2002, AALS Section on Civil Rights; Chair, 2001-2003, ABA Section on Litigation Subcommittee on § 1983 Litigation; Board of Directors, ACLU Foundation of Florida, Inc., 1992-1993; Board of Directors, ACLU of Ohio Foundation, Inc., 2003-2004.

5

Member: Ohio and Kentucky Bars; Bar of the Supreme Court of the United States; Bars of the United States Courts of Appeals for the Fifth, Sixth, Seventh and Eleventh Circuits; Bars of the United States District Courts for the Western District of Kentucky, Central District of Illinois, and Southern District of Ohio.