# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WILLIAM T. SCHMITT,** *et al.*,

    **Plaintiffs,**

v.

**OHIO SECRETARY OF STATE,** *et al.*,

Case No. 2:18-cv-966
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Elizabeth Preston Deavers

## ORDER

This matter is before the Court for consideration of Defendant Secretary of State Frank LaRose's (the "Secretary") *Motion to Stay Pending Appeal* (ECF No. 42). For the reasons set forth below, the Court **GRANTS in PART and DENIES in PART** the motion and **STAYS** the permanent injunction for **TEN DAYS**, which will provide the Secretary the opportunity to move the Sixth Circuit for relief. *See* Fed. R. App. P. 8.

### I.

On February 11, 2019, this Court reinstated and converted Plaintiffs' preliminary injunction to a permanent injunction. (ECF No. 37). That same day, the Court entered judgment accordingly. (ECF No. 38). On March 12, 2019, the Secretary filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit (ECF No. 41), and also filed the Motion to Stay. (ECF No. 42).

### II.

When evaluating a motion to stay pending appeal, courts analyze four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay."

*Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (quoting *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.3d 150, 153 (6th Cir. 1991)). These four factors are not prerequisites to grant a stay, but rather serve as "interconnected considerations" for the court. *Granholm*, 473 F.3d at 244.

### III.

In the instant action, the Court issued a decision finding that Plaintiffs prevailed on the merits of their claims. In his motion to stay, the Secretary repackages his arguments previously presented, which requires the Court to essentially reconsider its Opinion and Order granting Plaintiffs' permanent injunctive relief. Nothing in the Secretary's current motion, however, causes the Court to change its mind. Therefore, the Court concludes that the Secretary is not likely to prevail on the merits of his appeal.

Additionally, there is no evidence that the Secretary will be irreparably harmed absent a stay. Further, the Secretary has not offered any evidence of potential hardship to any other parties or to the public. Instead, the Secretary notes that "[t]he Court recognized that Ohio has 'strong interests' in ensuring fair and efficient elections, placing only lawful initiative measures on the ballot, and maintaining public confidence in the initiative process." *Id.* The Secretary then argues that the Court's Opinion and Order "draws into question [the entire ballot initiative] scheme, which is supported by Ohio's strong state interests." (ECF No. 42 at 4). But the Secretary fails to show how the fairness or efficiency of elections are at risk, absent a stay. In fact, the Secretary has not mentioned any elections that face potential irreparable harm. Consequently, the last three factors do not favor granting a stay pending appeal.

While this court finds that the Secretary fails to meet his burden, out of an abundance of caution, the Court is inclined to permit the Secretary the opportunity to take his request to the Sixth Circuit. Therefore, the Court shall provide the Secretary ten days of the relief he requests.

## IV.

The Court **GRANTS in PART and DENIES in PART** the Secretary's *Motion to Stay Pending Appeal*. (ECF No. 42). Specifically, the Court **STAYS** the permanent injunction for **TEN DAYS**, which will provide the Secretary the opportunity to move the Sixth Circuit for relief. *See* Fed. R. App. P. 8.

**IT IS SO ORDERED.**

3-18-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE