IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **WILLIAM SCHMITT, JR., et al.,** | : |
| | : |
| Plaintiffs, | : Case No. 2:18-cv-966 |
| | : |
| v. | : Judge Edmund Sargus, Jr. |
| | : |
| **OHIO SECRETARY OF STATE, et al.,** | : Magistrate Judge Elizabeth Deavers |
| | : |
| Defendants. | : |

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF
DEFENDANT OHIO SECRETARY OF STATE FRANK LaROSE**

On February 25, 2019, Secretary LaRose moved the Court for reconsideration for the limited purpose of clarifying the extent of the Court's February 11, 2019 Order. Secretary's Mtn. for Reconsideration, Doc. 39 at 1-4. In its February 11, 2019 Order, the Court identified a procedural due process violation. Op. and Order, Doc. 37 at 7-8. The Court ordered that the preliminary relief it previously granted be "reinstate[d] and convert[ed] to permanent injunction." *Id.* at 10. The Secretary requests clarification as to whether the permanent injunction applies statewide to enjoin all applications of the challenged statutes, or only to exclude Plaintiffs' initiative petitions from appearing on a Portage County ballot in any future election.

Plaintiffs' arguments highlight the need for clarification. Plaintiffs contend that their Complaint requested a permanent injunction of the challenged statutes in all applications, and note that the parties' briefing on permanent relief framed the case in that manner. *See* Pls.' Mem. Contra, Doc. 40 at 2-5. The language of the Court's Order, however, suggests that the permanent injunction is limited to the Plaintiffs' initiatives that form the controversy in this

particular case. Op. and Order, Doc. 37 at 10 ("[T]he Court REINSTATES and CONVERTS to permanent injunction the preliminary injunctive relief granted in its Opinion and Order issued on September 19, 2018.").

Contrary to Plaintiffs' suggestion, such an order would indeed be "forward-looking." . *See* Pls.' Mem. Contra, Doc. 40 at 6 n.2. Plaintiffs appear to suggest that an order simply converting the preliminary relief to a permanent injunction would have no effect because the November 2018 election has already passed. *Id*. But as the Court noted in concluding that the case is ripe for decision, Plaintiffs "intend to submit identical initiative petitions" in future elections. Op. and Order, Doc. 37 at 5. Plaintiffs themselves also state that they intend to circulate petitions for inclusion on a 2019 ballot. See Pls.' Mem. Contra Def.'s Mtn. to Stay, Doc. 43 at 6 ("Plaintiffs have submitted affidavits . . . alleging that they intend to continue to circulate petitions for initiatives during the 2019 electoral cycle."). An order extending the preliminary relief would apply to the identical petitions that Plaintiffs intend to submit in future elections, not just to the November 2018 general election.

Again, and contrary to Plaintiffs' assertions, the Secretary is not attempting to reargue issues that have already been presented to the Court and decided. *See* Pls.' Mem. Contra, Doc. 40 at 7. The Secretary simply seeks clarification so that he may accurately instruct the relevant boards of elections as to the applicability of the Court's Order so that the Secretary can properly advise the county boards of elections as to the conduct of upcoming elections. *See* O.R.C. § 3501.05(B), (C).

Therefore, Secretary LaRose requests reconsideration of the Court's February 11, 2019 Order for the limited purpose of clarifying the scope of the permanent injunction.

Respectfully submitted,

DAVE YOST
OHIO ATTORNEY GENERAL

/s/ *Sarah E. Pierce*
SARAH E. PIERCE (0087799)*
　*Lead Counsel*
RENATA Y. STAFF (0086922)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
sarah.pierce@ohioattorneygeneral.gov
renata.staff@ohioattorneygeneral.gov

*Counsel for Defendant*
*Ohio Secretary of State Frank LaRose*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2019, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

/s/ *Sarah E. Pierce*
SARAH E. PIERCE (0087799)
Assistant Attorney General