UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM T. SCHMITT, JR., et al.,

        Plaintiffs,

v.

OHIO SECRETARY OF STATE
FRANK LaROSE, et al.,

        Defendants.

Case No. 2:18-cv-966
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## ORDER

This matter is before the Court for consideration of Defendant Secretary of State Frank LaRose's ("Defendant") *Motion for Reconsideration* (ECF No. 39), Plaintiffs Debbie Blewitt, William T. Schmitt, and Chad Thompson's (collectively "Plaintiffs") *Response* (ECF No. 43), and Defendant's *Reply* (ECF No. 47).[1] For the reasons stated below, the Court **GRANTS** Defendant's motion.

On August 28, 2018, Plaintiffs filed their Complaint (ECF No. 1), seeking the following relief:

A. a declaration under 28 U.S.C. § 2201 that O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court to authorize local elections boards to act as "gatekeepers" of initiatives are facially unconstitutional under the First Amendment;

B. a declaration under 28 U.S.C. § 2201 that O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court to authorize local elections

---

[1] Although Defendant designated his motion as "Motion for Reconsideration," he "moves for the limited purpose of clarifying the extent of the Court's [February 11, 2019] order." Def.'s Mot. for Recons. at 1. Therefore, Defendant's Motion for Reconsideration is better described as a motion for clarification and the Court will therefore address it as such.

boards to act as "gatekeepers" of initiatives are unconstitutional as-applied under the First Amendment;

C. a temporary restraining order and/or preliminary injunction under 42 U.S.C. § 1983 prohibiting Defendants from enforcing or acting under O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court to authorize local elections boards to act as "gatekeepers" of initiatives;

D. a permanent injunction under 42 U.S.C. § 1983 prohibiting Defendants from enforcing or acting under O.R.C. § 3501.11(K), O.R.C. § 3501.38(M)(1)(a), and O.R.C. § 3501.39(A), separately and/or collectively, as authoritatively construed by the Ohio Supreme Court to authorize local elections boards to act as "gatekeepers" of initiatives; [and]

E. a temporary restraining order and/or preliminary injunction under 42 U.S.C. § 1983 directing Defendants to restore Plaintiffs' Garrettsville and Windham initiatives to the ballots of those Villages[.]

Pl.'s Compl. The same day Plaintiffs filed their Complaint, they also filed an Application for a Temporary Restraining Order (ECF No. 3).

On September 19, 2018, the Court granted Plaintiffs a temporary restraining order that directed "the Ohio Secretary of State and the Portage County Board of Elections to place both initiative petitions which are the subject of this case on the upcoming ballot for the election to be held on November 6, 2018." Sept. 19, 2018 Order (ECF No. 22). Therefore, the Court granted Plaintiffs the relief they sought in paragraph E of their Complaint.

On October 3, 2018, the Court extended the temporary restraining order for fourteen days. Oct. 3, 2018 Order (ECF No. 26). The next day, the Court held a telephone conference during which Defendants agreed to placing Plaintiffs' petitions on the upcoming ballots. For that reason, the Court converted the temporary restraining order to a preliminary injunction, which expired on November 7, 2018. *See* Oct. 4, 2018 Order (ECF No. 28). During that telephone conference, the parties agreed that there were still issues regarding the constitutionality of O.R.C. §§ 3501.11(K), 3501.38(M)(1)(a), and 3501.39(A). In other words, the parties still disputed

whether Plaintiffs were entitled to the relief they sought in paragraphs A, B, C, and D of their Complaint. Thus, the Court directed the parties to brief those constitutionality issues. After the parties filed their briefs, the Court held oral argument.

On February 11, 2019, the Court issued an Opinion and Order that reinstated and converted the preliminary injunctive relief to a permanent status in its Opinion and Order issued on September 19, 2018. *See* Feb. 11, 2019 Op. & Order (ECF No. 37). Thus, the Court granted Plaintiffs the relief they requested in paragraph D of the Complaint. In the February 11th Order, the Court concluded that Plaintiffs had actually succeeded on the merits of their constitutionality argument because Ohio's gatekeeper framework fails to provide any adequate review to those petitioners whose ballot initiatives are denied. *See id.* Therefore, the Court granted Plaintiffs a permanent injunction that prohibited Defendants—*i.e.*, the Portage County Board of Elections and the Ohio Secretary of State—from enforcing the gatekeeper function in any manner that fails to provide a constitutionally sufficient review process to a party aggrieved by the rejection of an initiative petition.

**IT IS SO ORDERED.**

___4 - 15 -2019___
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**