UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SCHMITT**, et al.,

                            Plaintiffs,

v.                                        **CASE NO.2:18-cv-966**

                                                     Judge Edmund Sargus, Jr.

                                                       Magistrate Judge Elizabeth Deavers

**LAROSE,** et al.,

                            Defendants.
_____/

**PLAINTIFFS' MOTION TO STAY
DEFENDANT-LAROSE'S APPLICATION FOR COSTS**

Defendant-LaRose on August 20, 2019 applied to this Court pursuant to Federal Rule of Civil Procedure 54(d)(1) for costs in the above-styled case. A briefing schedule for that application was entered that same day by the Clerk, setting September 10, 2019 as the due date for Plaintiffs' Response and September 24, 2019 as the due date for Defendant-LaRose's Reply. *See* Doc. No. 56.

Plaintiffs respectfully move the Court to stay or otherwise modify the Clerk's briefing schedule so that it is temporally coordinated with briefing on Plaintiffs' previously-filed application for costs and attorneys' fees. This Court on April 1, 2019, with the agreement of the parties, stayed briefing on Plaintiffs' application for costs and attorneys' fees and directed the parties to resume briefing 45 days following issuance of mandate from the United States Court of Appeals. *See* Order, Doc. No. 49. Mandate in the present case cannot be issued until after seven days after the Sixth Circuit disposes of Plaintiffs'-Appellees' Petition for Rehearing En Banc, *see*

1

Fed. R. App. P. 41(b), which was filed by Plaintiffs with the Sixth Circuit on August 13, 2019. Forty-five days from that issuance, even if it occurs tomorrow, will not come until mid-October, which is well after September 10, 2019 deadline scheduled by the Clerk.  Plaintiffs respectfully request that briefing on both Defendants' application and Plaintiffs' previous application both be stayed and commence simultaneously 45 days after issuance of the Sixth Circuit's mandate pursuant to this Court's April 1, 2019 Order.  *See* Order, Doc. No. 49.

As Plaintiffs' explain in the attached Memorandum of Law, coordinating briefing of both applications is sensible for two reasons: first, whether Defendants are entitled to costs incurred in the Court of Appeals lies in the discretion of this Court; and second, Plaintiffs are entitled to both costs and attorneys' fees for their successes in this Court, with the amount resting in the discretion of the Court.  The merits of the two applications are accordingly interrelated, and any amounts awarded will likely off-set one another in some fashion.  The two applications should therefore be briefed, addressed, and decided together.

Plaintiffs pursuant to Local Rule 7.3(a) state that they consulted in good faith with Defendant-LaRose in an effort to obtain Defendant-LaRose's consent to this Motion.  Defendant-LaRose informed Plaintiffs that he opposes this Motion.

Respectfully submitted,

s/*Mark R. Brown*
Mark R. Brown, Trial Counsel
Ohio Registration No. 81941
303 East Broad Street
Columbus, OH 43215
(614) 236-6590
(614) 236-6956 (fax)
mbrown@law.capital.edu

Mark G. Kafantaris
Ohio Registration No. 80392
625 City Park Avenue
Columbus, Ohio 43206
(614) 223-1444
(614) 300-5123(fax)
mark@kafantaris.com

### MEMORANDUM OF LAW

After having lost in this Court, which entered both preliminary and permanent injunctive relief against him, Defendant-LaRose on August 7, 2013 prevailed before a three-judge panel of the United States Court of Appeals for the Sixth Circuit.  On August 13, 2019, Plaintiffs petitioned the United States Court of Appeals for Rehearing En Banc.  That Petition remains pending, and for that reason no mandate has yet to issue.  Upon disposition of Plaintiffs' Petition for Rehearing En Banc, mandate will issue within seven days under Federal Rule of Appellate Procedure 41(b).

Plaintiffs in this case -- before Defendant-LaRose's appeal -- had won a temporary restraining order, *see* Opinion and Order, Doc. No. 22, a preliminary injunction, *see* Order, Doc. No. 28, and a permanent injunction both restoring their initiatives to Portage County ballots and enjoining enforcement of Ohio law.  *See* Opinion and Order, Doc. No. 37.  Based on this preliminary and permanent relief, Plaintiffs on March 15, 2019 moved for an award of costs and attorneys' fees from Defendant-LaRose and Defendant-Portage County Board of Elections.  *See* Motion for Attorneys' Fees, Doc. No. 45.  Because of Defendant-LaRose's pending appeal,[1]

---

[1] Defendant-Portage County Board of Elections chose not to appeal, meaning that it remains bound by this Court's final judgment (as well as preliminary relief) and is necessarily responsible for Plaintiffs' costs and attorneys' fees incurred in the District Court for both (regardless of Defendant-LaRose's successful appeal).

Plaintiffs agreed to Defendant-LaRose's request that the Court stay briefing on their application until the conclusion of the appeal. The Court on April 1, 2019 accordingly stayed briefing on and resolution of Plaintiffs' application for costs and attorneys' fees until 45 days after a mandate is issued by the United States Court of Appeals. *See* Order, Doc. No. 49.

On August 20, 2019, Defendant-LaRose applied to this Court for its costs incurred in prosecuting its successful appeal. *See* Fed. R. Civ. P. 54(d)(1). The Clerk on that day in this Court set a briefing schedule for Defendant-LaRose's application, with Plaintiffs' response due on September 10, 2019 and Defendant-LaRose's reply due on September 24, 2019. *See* Doc. No. 56. In contrast to the Clerk's briefing schedule for Defendant-LaRose's application, which requires Plaintiffs' response by September 10, 2019, Defendant-LaRose's response to Plaintiffs' application for costs and fees is not due until 45 days after the Sixth Circuit's issuance of its mandate. Even if the Sixth Circuit were to dispose of Plaintiffs' Petition for Rehearing En Banc tomorrow, Defendant's response to Plaintiffs' application for costs and fees would not be due until mid-October.

Whether Defendant-LaRose should be awarded costs is left to the discretion of the District Court. *See Knology, Inc. v. Insight Communications Co.*, 460 F.3d 722, 728 (6th Cir. 2006). This includes costs incurred in the Court of Appeals. *See*, e.g., *Libertarian Party v. Dardenne*, 2010 WL 2572114 * 1(M.D. La. 2010) (stating that "the presentation of close and difficult legal issues and good faith prosecution" may justify denial of costs to defendant/appellant in successful appeal). Among the factors that may be considered by the District Court in refusing costs to an otherwise successful party are: "the losing party's limited financial resources; misconduct by the prevailing party; whether the issues presented were very close or difficult; whether the litigation conferred a substantial benefit to the public; the wealth of the prevailing party; and whether the

4

losing party acted in good faith." STEVEN S. GENSLER, FEDERAL RULES OF CIVIL PROCEDURE: RULES AND COMMENTARY 1056 (2014).

In the instant case, Plaintiffs satisfy several of these factors; they have limited resources; the issues were close and difficult; the litigation conferred a substantial benefit to the public in that two initiatives (which Defendant-LaRose admitted had been improperly removed) were restored to local ballots and one was enacted into law; and Plaintiffs acted in good faith. Consequently, there is considerable doubt about Defendant-LaRose's entitlement to an award of costs under Rule 54(d)(1). Full and complete briefing on this issue is therefore required.

Further, Plaintiffs' application for costs and attorneys' fees based on their successes in winning both preliminary and permanent relief remains pending in this Court. Notwithstanding Defendant-LaRose's successful appeal from the permanent injunction, Plaintiffs are still entitled to the costs and attorneys' fees based they seek in that application based on their winning preliminary relief from Defendant-LaRose. *See Libertarian Party of Ohio v. Husted*, 2013 WL 4833033 *2 -*3 (S.D. Ohio 2013) (awarding plaintiffs attorneys' fees and costs based on winning preliminary relief even though they did not succeed in permanently enjoining state law). Plaintiffs' initiatives were restored to local election ballots, both were voted on, and one of them was passed into law. No appeal was taken, meaning that the award of preliminary relief rendered Plaintiffs prevailing parties and entitles them to costs and attorneys' fees from Defendant-LaRose (as well as Defendant-Portage County Board of Elections, which has not joined Defendant-LaRose's application).

Any award of costs to Defendant-LaRose will necessarily have to be offset against the award of costs and attorneys' fees Defendant-LaRose owes to Plaintiffs. Consequently, it is

sensible to coordinate Defendant-LaRose's application for costs with Plaintiffs' application for costs and fees and have them briefed, addressed and decided together. The Court's existing stay on Plaintiffs' application for costs and fees should be extended to Defendant-LaRose's application for costs. Both should be stayed until 45 days following the Court of Appeals' issuance of its mandate.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be **GRANTED**.

Respectfully submitted,

s/*Mark R. Brown*
Mark R. Brown, Trial Counsel
Ohio Registration No. 81941
303 East Broad Street
Columbus, OH 43215
(614) 236-6590
(614) 236-6956 (fax)
mbrown@law.capital.edu

Mark G. Kafantaris
Ohio Registration No. 80392
625 City Park Avenue
Columbus, Ohio 43206
(614) 223-1444
(614) 300-5123(fax)
mark@kafantaris.com

## CERTIFICATE OF SERVICE

I certify that this Motion and accompanying Memorandum of Law were filed using the Court's electronic filing system and thereby will be served on all parties to this proceeding.

s/*Mark R. Brown*