# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**SCHMITT**, et al.,

                              Plaintiffs,

v.                               **CASE NO.2:18-cv-966**

                                            Judge Edmund Sargus, Jr.

                                            Magistrate Judge Elizabeth Deavers

**LAROSE,** et al.,

                              Defendants.

_____/

## PLAINTIFFS' MOTION TO FILE SUR-REPLY TO DEFENDANT-LAROSE'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT-LAROSE'S APPLICATION FOR COSTS

    Plaintiffs' respectfully move for leave to file the attached Sur-Reply to Defendant-LaRose's Reply to Plaintiffs' Response to Defendant-LaRose's premature application for costs in the above-styled case.

    Defendant-LaRose on August 20, 2019, before the issuance of the mandate in this case, prematurely applied to this Court for costs incurred on appeal. *See* Doc. No. 55. Defendant-LaRose specifically sought costs totaling $505.00 for "Fees of the Clerk" and $252.20 for "Fees for … transcripts necessarily obtained for use in this case." *Id*. at PAGEID # 61. Notwithstanding that the mandate had not issued, a briefing Schedule for that application was automatically entered that same day by the Clerk, setting September 10, 2019 as the due date for Plaintiffs' Response and September 24, 2019 as the due date for Defendant-LaRose's Reply. *See* Doc. No. 56.

Plaintiffs contacted Defendant-LaRose and requested that Defendant-LaRose either agree to a joint submission staying the Clerk's briefing Schedule or at least not oppose Plaintiffs' motion to stay that Schedule until after the mandate had issued.  Plaintiffs had agreed to Defendant-LaRose's request before the appeal was concluded to delay briefing on Plaintiffs' application for costs and attorney's fees until 45 days after issuance of the mandate, and Plaintiffs asked Defendant-LaRose to agree to the same schedule for his application.

Notwithstanding that the mandate had not issued, and it was thus not established that Defendant-LaRose would be entitled to any or all of the appellate costs it requested, Defendant-LaRose refused. On August 23, 2019, Plaintiffs thus moved over Defendant-LaRose's opposition to stay Defendant-LaRose's application for costs and the Clerk's briefing Schedule until after issuance of the mandate, and for 45 days thereafter.  *See* Motion to Stay, Doc. No. 57. If granted, this would coordinate briefing on Defendant-LaRose's application with the Court's prior Order, Doc. No. 49, scheduling briefing for Plaintiffs' application for costs and attorneys' fees.

Plaintiffs, before the mandate had issued, responded with objections to Defendant-LaRose's premature application for costs on September 8, 2019 in order to comply with the Clerk's Briefing Schedule.  *See* Doc. No. 59.  In that Response, Plaintiffs pointed out that they were still entitled to their costs and attorneys' fees from Defendant-LaRose based on their successful preliminary objection, which was not appealed, that they were still entitled to their costs and attorneys' fees from Defendant-Portage County Board of Election (which did not appeal either the preliminary injunction or final judgment), and that the competing applications should be best resolved together so that appropriate set-offs could be factored into any awards. Plaintiffs also argued that the District Court should exercise its discretion and deny costs altogether to Defendant-LaRose.

Because the mandate had not issued from the Sixth Circuit by the time Plaintiffs' Response was due, Plaintiffs did not know that the mandate would deny costs to Defendant-LaRose. Nor did Plaintiffs know that Defendant-LaRose would not timely file a Bill of Costs with the Court of Appeals under Federal Rule of Appellate Procedure 39(d). For that reason, Plaintiffs' September 8, 2019 Response made no mention of the mandate, Defendant-LaRose's failure to file its Bill of Costs in the Court of Appeals, or whether costs might be properly sought in the District Court following this procedural default.

The Sixth Circuit's mandate was issued on the morning of September 13, 2019 – three days after the Clerk's Briefing Schedule required Plaintiffs' Response -- and stated "Costs: none." This Court's notation stated in its electronic notice to the parties that this meant that "no costs" were awarded by the Sixth Circuit to Defendant-LaRose for its successful appeal. *See* Doc. No. 63.

The reason the Court of Appeals directed that no costs be awarded was because Defendant-LaRose had failed under Federal Rule of Appellate Procedure 39(d) to within 14 days of the judgment file a bill of costs with the Clerk of the Sixth Circuit itemizing its awardable costs. Defendant-LaRose did not request from the Court of Appeals either his $500.00 appellate docketing fee or the $252.20 in costs he claimed he incurred in obtaining transcripts needed for the appeal. He was accordingly not awarded costs for these items by the Court of Appeals.

Defendant-LaRose on September 24, 2019 replied to Plaintiffs' objections to his application for costs. *See* Defendant-LaRose's Reply, Doc. No. 64. He continued to insist, notwithstanding the mandate's statement that no costs had been awarded and notwithstanding his failure to file a Bill of Costs with the Court of Appeals, that he was entitled to an award from this

Court of $500.00 for his appellate docketing fee and $252.20 for the transcripts he procured for the appeal.

Plaintiffs seek to file this Sur-Reply to address Defendant-LaRose's assertion that he is entitled to these appellate costs in this Court under Federal Rule of Appellate Procedure 39(e) notwithstanding the mandate and notwithstanding his failure to comply with Federal Rule of Appellate Procedure 39(d).  Plaintiffs did not have the opportunity to raise this argument in its Response because Defendant-LaRose's application for costs was premature, the mandate had not yet issued when Plaintiffs were required to respond, and Defendant-LaRose's premature application for costs filed with this Court included no such argument. This Sur-Reply reflects Plaintiffs' first opportunity to respond to Defendant-LaRose's argument that he is entitled to appellate costs notwithstanding his failure to comply with Rule 39(d).

Respectfully submitted,

s/*Mark R. Brown*

Mark R. Brown, Trial Counsel
Ohio Registration No. 81941
303 East Broad Street
Columbus, OH 43215
(614) 236-6590
(614) 236-6956 (fax)
mbrown@law.capital.edu


Mark G. Kafantaris
Ohio Registration No. 80392
625 City Park Avenue
Columbus, Ohio 43206
(614) 223-1444
(614) 300-5123(fax)
mark@kafantaris.com