UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM T. SCHMITT, *et al.*,

    Plaintiffs,

v.

OHIO SECRETARY OF STATE
FRANK LaROSE, *et al.*,

    Defendants.

Case No. 2:18-cv-966
JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' *Motion for Attorneys' Fees* (ECF No. 45), *Renewed Motion for Attorneys' Fees* (ECF No. 68), and Defendant Secretary of State Frank LaRose's *Bill of Costs* (ECF No. 55). The parties have fully briefed these motions, which are thus ripe for review. For the reasons stated below, the Court **DENIES** Plaintiffs' *Motion for Attorneys' Fees* (ECF No. 45), **DENIES** Plaintiffs' *Renewed Motion for Attorneys' Fees* (ECF No. 68), and **DENIES** Defendant's *Bill of Costs* (ECF No. 55). Accordingly, Plaintiffs' *Motion to Stay the Bill of Costs* (ECF No. 57) is rendered **MOOT**. Further, because the Court granted Defendant LaRose's Bill of Costs based on the parties' briefs, Plaintiffs' *Motion to File Surreply to Defendant LaRose's Bill of Costs* (ECF No. 65) is rendered **MOOT**.

## I. Background

Plaintiffs submitted proposed ballot initiatives to the Portage County Board of Elections that would decriminalize marijuana possession in the Ohio villages of Windham and Garrettsville. The Board rejected the proposed initiatives upon concluding that they fell outside the scope of the villages' legislative authority.

Rather than petitioning for mandamus relief, Plaintiffs brought this 42 U.S.C. § 1983 action against the Board and the Ohio Secretary of State alleging the statutes that govern Ohio's ballot initiative process impose a prior restraint on Plaintiffs' political speech, thereby violating their rights under the First and Fourteenth Amendments. Lodging as-applied and facial challenges, Plaintiffs sought a temporary restraining order compelling Defendants to place Plaintiffs' proposed initiatives on the ballots so that citizens of Windham and Garrettsville could vote to accept or reject the initiatives. Plaintiffs also sought an order striking down Ohio's initiative procedure as unconstitutional.

This Court granted Plaintiffs a temporary restraining order after concluding Ohio's initiative process lacked *de novo* judicial review and therefore violated the First Amendment. Accordingly, the Court directed Defendants to place the initiatives on the ballots, pursuant to the relief requested by Plaintiffs' as-applied challenges. Because the temporary restraining order would expire before the election day, the parties agreed to convert the temporary restraining order into a preliminary injunction that would then expire the day after the election. On election day, the Windham initiative passed, but the Garrettsville initiative failed. At that point, the preliminary injunction and as-applied challenges were moot. *Schmitt*, 933 F.3d at 636, n.2 (6th Cir. 2019).

The parties then agreed to additional briefing to address Plaintiffs' facial challenges to Ohio's initiative process. After fully briefing the issues and conducting oral argument, this Court permanently enjoined Defendants from enforcing the ballot initiative process without *de novo* judicial review. On March 12, 2019, Secretary of State LaRose timely appealed. The Portage Board of Elections did not join the appeal.

On March 15, 2019, Plaintiffs filed their Motion for Attorneys' Fees and Costs under 42 U.S.C. § 1988(b). Given Secretary LaRose's then-pending appeal, Plaintiffs recognized in their

Motion that this Court had discretion to defer acting until the completion of the appeal. Plaintiffs also conceded that "[t]hey filed their Motion for Costs and Attorneys' Fees to ensure that they comply with Local Rule 54.2's 45-day window." (*See* Pls.' Mot. for Fees at 5.) The Court then stayed briefing on Plaintiffs' Motion for Attorneys' Fees and Costs for the duration of the appeal.

On August 7, 2019, the Sixth Circuit reversed this Court's Order and vacated the permanent injunction. Secretary LaRose then filed his Bill of Costs.

## II. Motion for Attorney's Fees and Costs

"The common law contains no right to attorney's fees for the winning party to a lawsuit." *Miller v. Caudill*, 936 F.3d 442, 448 (6th Cir. 2019) (citing *McQuery v. Conway*, 614 F.3d 591, 596 (6th Cir. 2010)). Instead, the "American Rule" applies, and so each party pays its own fees unless a statute explicitly provides otherwise. *Id.* (citing *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001)). When a party prevails in a civil rights action brought under 42 U.S.C. § 1983, then 42 U.S.C. § 1988 supplants the American Rule:

> In any action or proceeding to enforce a provision of...[Section] 1983..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee....

42 U.S.C. § 1988(b).

The issue, then, is whether Plaintiffs prevailed. To be a prevailing party, a plaintiff must have obtained an injunction that: (1) was court-ordered, and (2) caused a material, (3) irrevocable change in the legal relationship between the plaintiff and defendants that directly benefitted the plaintiff. *Miller*, 936 F.3d at 448. Therefore, determining whether the winner of a preliminary injunction is a prevailing party is a contextual and case-specific inquiry. *Id.* In such instances, courts address this question "with both hesitancy and skepticism because the 'preliminary' nature

3

of the relief ... generally counsels against fees in the context of preliminary injunctions." *Miller*, 936 F.3d at 448 (quoting *McQuery*, 614 F.3d at 601).

So, context is key. *See McQuery*, 614 F.3d at 598–99. Fortunately, the Supreme Court has addressed the context in which this matter is presented. In *Sole*, the Supreme Court found "that a plaintiff who gains a preliminary injunction does not qualify for an award of counsel fees under § 1988(b) if the merits of the case are ultimately decided against her." *Sole v. Wyner*, 551 U.S. 74, 86 (2007).

Plaintiffs contend that *Sole* is inapposite. According to them, *Sole* does not categorically bar awarding fees in the absence of final judgment favoring Plaintiffs. (Pls.' Reply at 5.) On that point, the Court agrees. *See Sole*, 551 U.S. at 86 ("We express no view on whether, in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction may sometimes warrant fees.").

Plaintiffs overlook, however, when *Sole* does bar awarding fees, which is whenever a final judgment on the merits reverses the sole ground on which the plaintiff initially succeeded. That is this case. *See id.* ("A plaintiff who 'secures a preliminary injunction, then loses on the merits as the case plays out and judgment is entered against her,' has 'won a battle but lost the war.'") (quoting *Watson v. Cnty. of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002) (cleaned up)); *see also Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 551 (6th Cir. 2003) ("Since we now reverse the sole ground on which Bowman succeeded, Bowman is no longer entitled to an award of attorney's fees or costs, as she is no longer a "prevailing party" for purposes of the statute.").

Here, the merits were the same at both the preliminary and permanent injunction stages. The Plaintiffs won a preliminary injunction because the Court found that the First Amendment guarantees judicial review when a board of elections denies a ballot initiative petition as an

4

administrative action. The Sixth Circuit ultimately concluded that the First Amendment does not guarantee such review. Therefore, the merits that won preliminary injunction for Plaintiffs were identical to those that lost the appeal. Accordingly, *Sole* applies and bars attorney's fees.

Next, Plaintiffs argue that they prevailed on the preliminary injunction because the Sixth Circuit only reversed the permanent injunction. In *Sole*, however, the Supreme Court expressly rejected that argument:

> Viewing the two stages of the litigation as discrete episodes, plaintiffs below, respondents here, maintain that they prevailed at the preliminary injunction stage, and therefore qualify for a fee award for their counsels' efforts to obtain that interim relief. Defendants below, petitioners here, regard the case as a unit; they urge that a preliminary injunction holds no sway once fuller consideration yields rejection of the provisional order's legal or factual underpinnings. We agree with the latter position and hold that a final decision on the merits denying permanent injunctive relief ordinarily determines who prevails in the action for purposes of § 1988(b).

*Sole*, 551 U.S. at 77–78. Accordingly, the Court must regard the injunctions and their outcomes as a unit. In doing so, the final determination on the legal underpinning of this unit is that Plaintiffs lacked a right to judicial review. Thus, Plaintiffs are not entitled to attorney's fees.

Finally, Plaintiffs rely on *Planned Parenthood Sw. Ohio Region v. DeWine*, 931 F.3d 530 (6th Cir. 2019) and *McQueary* to repeat their argument that they are not required to win a final judgment to prevail. Again, the Court agrees. But as discussed *supra*, those cases are not this case. Plaintiffs do not lose because they never won a final judgment; rather, they lose because Defendant LaRose won a final judgment and did so on the issue addressed at the preliminary injunction stage. In other words, the determinative factor is not the absence of Plaintiffs' final judgment but the existence of Defendant LaRose's final judgment. Accordingly, this case does not fall outside *Sole* and into *DeWine* and *McQueary*.

5

In conclusion, *Sole* is on point because Plaintiffs secured a preliminary injunction, then ultimately lost the case on the same merits. *Sole*, 551 U.S. at 82. Since "a plaintiff cannot claim prevailing-party status prevailing-party status if its success is ultimately 'reversed, dissolved, or otherwise undone by the final decision in the same case[,]' " Plaintiffs cannot collect attorney's fees under § 1988. *DeWine*, 931 F.3d at 538 (quoting *Sole*, 551 U.S. at 83). Thus, the Court denies Plaintiffs' motions for attorney's fees.

### III. Bill of Costs

Defendant LaRose timely filed a Bill of Costs, seeking to recover $757.20 for filing and transcript fees. Plaintiffs oppose this request.

Under Federal Rule of Civil Procedure 54(d), prevailing parties may recover certain, allowable, reasonable, and necessary costs. The types of costs allowed are listed 28 U.S.C. § 1920 as follows:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees for disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C. § 1923];

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Under Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This language "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). An unsuccessful party has the burden of showing circumstances to overcome the presumption that favors the award of permissible costs to the prevailing party. *White & White*, 787 F.2d at 732; *see also* 10 Wright, Miller, Kane, *Federal Practice and Procedure*: Civil 3d § 2679 (1998). In exercising that discretion, a court should look "first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." *Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004).

Plaintiffs do not argue whether Defendant LaRose's expenses are allowable costs under § 1920. Instead, Plaintiffs contend that this Court should exercise its discretion and deny all costs. The Sixth Circuit has identified several factors a losing party may put forward that may justify denying the prevailing party's costs. *White & White*, 786 F.2d at 732–33; *see also Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Those include the losing party's good faith and the difficulty of the case. *Id.* Here, both are present and both persuade the Court to exercise its discretion and reject Defendant LaRose's request for costs.

First, Plaintiffs brought their claims in good faith. Plaintiffs are political activists and voters who seek to change the law in Ohio, which they ultimately achieved. Due to Plaintiffs' effort in this case, citizens of two Ohio villages were able to engage in a vote that would have otherwise never occurred. Although Plaintiffs chose not to seek a writ from the Supreme Court of Ohio and instead filed suit in this Court, Plaintiffs were reasonable to do so since there was no definitive answer on the matter. Thus, Plaintiffs brought their claims in good faith.

Second, this case was "close and difficult." It was a case of first impression, and also presented intricate legal issues that analyzed the interplay between state and federal constitutions, implicated agency deference, and questioned the scope of voting rights incorporated to the states. All told, four federal judges arrived at three conclusions. For these reasons, this case was close and difficult, and the Court accordingly denies Defendant LaRose's Bill of Costs.

## IV. Conclusion

For the reasons stated above, the Court **DENIES** Plaintiffs' *Motion for Attorneys' Fees* (ECF No. 45), **DENIES** Plaintiffs' *Renewed Motion for Attorneys' Fees* (ECF No. 68), and **DENIES** Defendant's *Bill of Costs* (ECF No. 55). Accordingly, Plaintiffs' *Motion to Stay the Bill of Costs* (ECF No. 57) is rendered **MOOT**. Further, because the Court granted Defendant LaRose's Bill of Costs based on the parties' briefs, Plaintiffs' *Motion to File Surreply to Defendant LaRose's Bill of Costs* (ECF No. 65) is rendered **MOOT**.

**IT IS SO ORDERED.**

12-4-2019
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE