UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SCHMITT**, et al.,

                        Plaintiffs,

v.                                       **CASE NO.2:18-cv-966**

                                               Judge Edmund Sargus, Jr.
                                               Magistrate Judge Elizabeth Deavers

**LAROSE,** et al.,

                        Defendants.

_____/

**PLAINTIFFS' RULE 59(e) MOTION TO ALTER OR AMEND
JUDGMENT DENYING ATTORNEY'S FEES**

On December 4, 2019, the Court denied Plaintiffs' Renewed Motion for Attorney Fees, Doc. No. 68, against Defendant-LaRose. *See* Order, Doc. No. 71 (denying Motion for Attorney's Fees). Plaintiffs had argued in that Motion that their winning preliminary relief against Defendant-LaRose supported an award of attorney's fees notwithstanding Defendant-LaRose's successful appeal. The Court disagreed. *See* Order, Doc. No. 71.

For the reasons stated in the accompanying Memorandum of Law, Plaintiffs respectfully move under Federal Rule of Civil Procedure 59(e) to amend that judgment to include resolution of Plaintiffs' still-pending Motion for Attorney's Fees, Doc. No. 45, against Defendant-Portage County Board of Elections, which is based on Plaintiffs' separate success in winning a final judgment against Defendant-Portage County Board of Elections. Because Defendant-Portage County Board of Elections did not appeal that final judgment, it remains bound and is responsible for Plaintiffs' attorney's fees. That Motion has been fully briefed and is ripe for

1

resolution. *See* Motion for Attorney's Fees, Doc. No. 45; Response of Defendant-Portage County Board of Elections, Doc. No. 66; Plaintiffs' Reply, Doc. No. 67 (explaining that because Defendant-Portage County Board of Elections did not appeal it remains bound by the final judgment).

Respectfully submitted,

s/*Mark R. Brown*
Mark R. Brown, Trial Counsel
303 East Broad Street
Columbus, OH 43215
(614) 236-6590
(614) 236-6956 (fax)
mbrown@law.capital.edu

Mark G. Kafantaris
625 City Park Avenue
Columbus, Ohio 43206
(614) 223-1444
(614) 300-5123(fax)
mark@kafantaris

**MEMORANDUM OF LAW**

**Introduction**

Following final judgment in their favor, Plaintiffs on March 15, 2019 moved for an award of attorney's fees against Defendant-LaRose and Defendant-Portage County Board of Elections in the above-styled case.  *See* Motion for Attorney's Fees, Doc. No. 45.  Because of Defendant-LaRose's appeal of that final judgment, this Court on April 1, 2019 stayed further briefing on Plaintiffs' Motion for Attorney Fees, Doc. No. 45, until after resolution of Defendant-LaRose's appeal. *See* Order, Doc. No. 49 (staying briefing). The Court's April 1, 2019 Order stayed further briefing on Plaintiffs' Motion for Attorneys' Fees, Doc. No. 45, for an additional 45 days following the issuance of the mandate from the United States Court of Appeals on Defendant-LaRose's appeal.  *See* Order, Doc. No. 49.

Defendant-Portage County Board of Elections chose to accept the Court's final judgment and did not join Defendant-LaRose's appeal. Following the success of Defendant-LaRose's appeal, Defendant-Portage County Board of Elections on September 30, 2019 responded to Plaintiffs' March 15, 2019 Motion for Attorney's Fees, Doc. No. 45, and claimed that it (like Defendant-LaRose) was not responsible for the final judgment. *See* Response to Motion for Attorney's Fees, Doc. No. 66.  Plaintiffs replied on October 3, 2019 and pointed out that the law is clear that because Defendant-Portage County Board of Elections (unlike Defendant-LaRose) chose not to appeal this Court's decision it remained bound by that final judgment. *See* Reply, Doc. No, 67. Defendant-Portage County Board of Elections (regardless of Defendant-LaRose's liability) accordingly remains responsible for Plaintiffs' attorney's fees based on that final judgment.

Defendant-LaRose separately responded on November 12, 2019 to Plaintiffs' Renewed Motion for Attorney's Fees, Doc. No. 68, against him (Defendant-LaRose) based on Plaintiffs' preliminary success. Defendant-LaRose argued that Plaintiffs could not recover from him based on their preliminary success because of his successful appeal. *See* Response to Motion for Attorney's Fees, Doc. No. 69.

On December 4, 2019, the Court agreed with Defendant-LaRose and denied Plaintiffs' Renewed Motion for Attorney Fees, Doc. No. 68, against Defendant-LaRose. *See* Order, Doc. No. 71 (denying Motion for Attorney's Fees against Defendant-LaRose based on Plaintiffs' preliminary success). The Court did not address Plaintiffs' Motion for Attorney's Fees against Defendant-Portage County Board of Elections, and that Motion remains pending in this Court.

### Argument

Plaintiffs respectfully request that the Court amend its December 4, 2019 Order, Doc. No. 71, to also resolve Plaintiffs' separate Motion for Attorney's Fees, Doc. No. 45, against Defendant-Portage County Board of Elections. That Motion has been fully briefed and is ripe for resolution. *See* Response of Defendant-Portage County Board of Elections, Doc. No. 66; Plaintiffs' Reply, Doc. No. 67.

While the merits of Plaintiffs' two separate Motions for Attorney's Fees are now distinct -- one being based on the preliminary injunction against Defendant-LaRose and the other being premised on the final judgment against Defendant-Portage County Board of Elections[1] -- joint resolution will more efficiently resolve the Attorney's Fees questions raised in this case and more efficiently allow the parties to proceed should any appeals be sought.

---

[1] Plaintiffs Motion for Attorney's Fees against Defendant-Portage County Board of Elections is based on an enforceable final judgment that Defendant-Portage County Board of Elections chose not to appeal, while Plaintiffs' Motion for Attorney's Fees from Defendant-LaRose (which was denied by the Court) was based only on Plaintiffs' having won a preliminary injunction.

Efficiency would be doubly-served because Plaintiffs are now finalizing their petition for certiorari in the above-styled case against Defendant-LaRose, which will be filed in the Supreme Court by February 3, 2020. On November 13, 2019, Justice Sotomayor granted Plaintiffs' Application for an extension of time to allow Plaintiffs until February 3, 2020 to file their Petition for Writ of Certiorari. *See Schmitt v. LaRose*, 19A518 (U.S., November 13, 2019) (Sotomayor, J.).[2] Resolution of that Petition may impact future Motions for Attorneys' Fees in this case and how the parties proceed going forward.

Should the Supreme Court grant that Petition and overrule the Sixth Circuit's decision, for example, not only will Defendant-Portage County Board of Elections be responsible for attorney's fees incurred in this Court, Defendant-LaRose would also be jointly and severally responsible for attorney's fees incurred in this Court (and beyond). Consequently, because the Defendants' responsibility for fees in this Court would then completely overlap, resolving both matters together (either before or after the Supreme Court addresses Plaintiffs' Petition for Writ of Certiorari) would seem sensible and efficient.

On the other hand, if the Supreme Court denies Plaintiffs' Petition, or grants and sustains the Sixth Circuit's decision, combining resolution of the two Motions for Attorney's Fees would still seem the sensible approach. It would allow the parties to more efficiently decide whether and how to proceed from that single judgment, as opposed to having to possibly consider divided appellate proceedings.

Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Rule 59(e) is the proper vehicle for clarifying

---

[2] https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19a518.html) (last visited Dec. 12, 2019).

5

judgments, *see*, *e.g.*, *Belair v. Lombardi*, 151 F.R.D. 698 (M.D. Fla. 1993), and for addressing claims that have not yet been resolved. *See* C. WRIGHT, ET AL., 11 FED. PRAC. & PRO. 2810.1 (3d ed. 2019). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Id*.

Rule 59(e) is properly used to seek to alter or amend an order granting or denying attorney's fees. *See Samuels v. American Motors Sales Corp*., 969 F.2d 573, 575-76 (7th Cir. 1992) (holding that a Rule 59(e) motion may be properly directed at an attorney's fee decision); *Fuller v. Heintz/Candee*, 2008 WL 5423199 *3 (W.D. Wis. 2008) ("In *Samuels,* the court held that the plaintiff's motion to reconsider the trial court's order awarding attorney fees was subject to Rule 59(e)"). *See also Patino v. Astrue*, 2009 WL 1402296 (E.D. Cal. 2009) (Rule 59(e) motion to amend or alter attorney's fee decision); *Aetna Group USA v. Aidco International*, 2010 WL 11527194 (N.D. Ga. 2010) (same). Consequently, this Motion is both timely and proper.

## Conclusion

Plaintiffs respectfully request that their Motion be **GRANTED**.

Respectfully submitted,

s/*Mark R. Brown*
Mark R. Brown, Trial Counsel
303 East Broad Street
Columbus, OH 43215
(614) 236-6590
(614) 236-6956 (fax)
mbrown@law.capital.edu

Mark G. Kafantaris
625 City Park Avenue
Columbus, Ohio 43206
(614) 223-1444
(614) 300-5123(fax)
mark@kafantaris.com

6