UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM T. SCHMITT, *et al.*,

    **Plaintiffs**,

v.

OHIO SECRETARY OF STATE
FRANK LAROSE, *et al.*,

    **Defendants.**

Case No. 2:18-cv-966
**JUDGE EDMUND A. SARGUS, JR.**
**Chief Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Rule 59(e) Motion to Alter or Amend Judgment Denying Attorney's Fees (ECF No. 72), Plaintiffs' Request for a Status Conference (ECF No. 76), Defendant Portage County Board of Elections' Motion in Opposition to Plaintiffs' Request for a Status Conference and Request for Dismissal (ECF No. 77), and Plaintiffs' Reply to Defendant Portage County Board of Elections' Response (ECF No. 78). For the reasons that follow, Plaintiffs' motions are **DENIED**. The Clerk is **DIRECTED** to close this matter.

I.

Plaintiffs in this action submitted proposed ballot initiatives to the Portage County Board of Elections that would decriminalize marijuana possession in the Ohio villages of Windham and Garrettsville. The Board rejected the proposed initiatives upon concluding that they fell outside the scope of the villages' legislative authority.

Rather than petitioning for mandamus relief, Plaintiffs brought this 42 U.S.C. § 1983 action against the Board and the Ohio Secretary of State alleging the statutes that govern Ohio's ballot initiative process impose a prior restraint on Plaintiffs' political speech, thereby violating

1

their rights under the First and Fourteenth Amendments to the United States Constitution. Lodging as-applied and facial challenges, Plaintiffs sought a temporary restraining order compelling Defendants to place Plaintiffs' proposed initiatives on the ballots so that citizens of Windham and Garrettsville could vote to accept or reject the initiatives. Plaintiffs also sought an order striking down Ohio's initiative procedure as unconstitutional.

This Court granted Plaintiffs a temporary restraining order after concluding Ohio's initiative process lacked *de novo* judicial review and therefore violated the First Amendment. Accordingly, the Court directed Defendants to place the initiatives on the ballots, pursuant to the relief requested by Plaintiffs' as-applied challenges. Because the temporary restraining order would expire before the election day, the parties agreed to convert the temporary restraining order into a preliminary injunction that would then expire the day after the election. On election day, the Windham initiative passed, but the Garrettsville initiative failed. At that point, the preliminary injunction and as-applied challenges were moot. *Schmitt*, 933 F.3d at 636, n.2 (6th Cir. 2019).

The parties then agreed to additional briefing to address Plaintiffs' facial challenges to Ohio's initiative process. After full briefing by the parties and oral argument, this Court permanently enjoined Defendants from enforcing the ballot initiative process without *de novo* judicial review. On March 12, 2019, Secretary of State LaRose timely appealed. The Portage County Board of Elections did not join the appeal.

On March 15, 2019, Plaintiffs filed their Motion for Attorneys' Fees and Costs under 42 U.S.C. § 1988(b). Given Secretary LaRose's then-pending appeal, Plaintiffs recognized in their Motion that this Court had discretion to defer acting until the completion of the appeal. Plaintiffs also conceded that "[t]hey filed their Motion for Costs and Attorneys' Fees to ensure

2

that they comply with Local Rule 54.2's 45-day window." (Pls.' Mot. for Fees at 5.) The Court stayed briefing on Plaintiffs' *Motion for Attorneys' Fees and Costs* for the duration of the appeal.

On August 7, 2019, the Sixth Circuit reversed this Court's Order and vacated the permanent injunction. Once the mandate issued, Secretary LaRose filed his *Bill of Costs* (ECF No. 64) and Plaintiffs filed a *Renewed Motion for Attorney Fees* (ECF No. 68).

On December 4, 2019, the Court in relevant part concluded the following:

> For the reasons stated above, the Court **DENIES** Plaintiffs' *Motion for Attorneys' Fees* (ECF No. 45), **DENIES** Plaintiffs' *Renewed Motion for Attorneys' Fees* (ECF No. 68), and **DENIES** Defendant's *Bill of Costs* (ECF No. 55).

(Op. and Order at 8, ECF No. 71.)

While the Court explicitly resolved both Plaintiffs' *Renewed Motion for Attorney Fees* and *Motion for Attorney Fees*, Plaintiffs contend that the Court failed to address the substance of the *Renewed Motion for Attorney Fees* as it related to Defendant Portage County, stating:

> On December 4, 2019, the Court denied Plaintiffs' Renewed Motion for Attorney Fees, Doc. No. 68, against Defendant-LaRose. *See* Order, Doc. No. 71 (denying Motion for Attorney's Fees). Plaintiffs had argued in that Motion that their winning preliminary relief against Defendant-LaRose supported an award of attorney's fees notwithstanding Defendant-LaRose's successful appeal. The Court disagreed. *See* Order, Doc. No. 71.
>
> For the reasons stated in the accompanying Memorandum of Law, Plaintiffs respectfully move under Federal Rule of Civil Procedure 59(e) to amend that judgment to include resolution of Plaintiffs' still-pending Motion for Attorney's Fees, Doc. No. 45, against Defendant-Portage County Board of Elections, which is based on Plaintiffs' separate success in winning a final judgment against Defendant-Portage County Board of Elections. Because Defendant Portage County Board of Elections did not appeal that final judgment, it remains bound and is responsible for Plaintiffs' attorney's fees.

(Pls' Rule 59 Motion at 1, ECF No. 72.)

Plaintiffs have additionally requested a status conference in the event the Court needs further information. The Court finds that Plaintiffs' counsel has clearly presented his position in

3

his briefing, and the Court is not lacking any information necessary for it to resolve the motion currently at bar. Therefore, a status conference is unnecessary.

## II.

Plaintiffs move under Rule 59(e) of the Federal Rules of Civil Procedure, stating:

> Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Rule 59(e) is the proper vehicle for clarifying judgments, *see, e.g., Belair v. Lombardi*, 151 F.R.D. 698 (M.D. Fla. 1993), and for addressing claims that have not yet been resolved. *See* C. WRIGHT, ET AL., 11 FED. PRAC. & PRO. 2810.1 (3d ed. 2019). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Id.*

(Pls' Rule 59 Motion at 5–6, ECF No. 72.)

Plaintiffs contend that they are entitled to attorney fees under 42 U.S.C. § 1988, which in relevant part provides:

> In any action or proceeding to enforce a provision of . . . [Section] 1983 . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee . . . .

42 U.S.C. § 1988(b).

## III.

Plaintiffs request that the Court amend or alter the judgment because Portage County did not join in the appeal that ultimately reversed the merits of the decision in which Plaintiffs prevailed. However, even if Plaintiffs are still considered prevailing parties as to Portage County, awarding attorney fees in this situation would raise form over substance. The Sixth Circuit reversed the merits of the decision upon which Plaintiffs now stand. And, as Plaintiffs recognize, Rule 59 grants considerable discretion to alter or amend judgements and Section 1988 too relegates to the trial court's discretion whether an award of attorney fees in any particular case is appropriate. This Court is not inclined to exercise its discretion in favor of awarding fees

4

and/or altering its judgment under the precise factual scenario presented in this case. This decision does not implicate the effects of joining or not joining an appeal, but instead only relates to this Court's discretionary power to award attorney fees under Section 1988 and to amend a judgement under Rule 59.

## IV.

For the reasons stated above, the Court **DENIES** Plaintiffs' Rule 59(e) Motion to Alter or Amend Judgment Denying Attorney's Fees (ECF No. 72), **DENIES** Plaintiffs' Request for a Status Conference (ECF No. 76), and **DIRECTS** the Clerk to close this case.

**IT IS SO ORDERED.**

9-21-2020
**DATE**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE