**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: June 15, 2021

Mr. Mark R. Brown
Capital University Law School
303 E. Broad Street
Columbus, OH 43215

Ms. Pamela Joy Holder
Portage County Prosecutor's Office
241 S. Chestnut Street
Ravenna, OH 44266

Mr. Mark G. Kafantaris
Law Offices
625 City Park Avenue
Columbus, OH 43206

Re: Case No. 20-4025, *William Schmitt, et al v. Frank LaRose, et al*
Originating Case No.: 2:18-cv-00966

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely,

s/Antoinette Macon
Case Manager
Direct Dial No. 513-564-7015

cc: Mr. Richard W. Nagel

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR PUBLICATION**

No. 20-4025

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 15, 2021
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| WILLIAM T. SCHMITT; CHAD THOMPSON; DEBBIE BLEWITT, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> FRANK LAROSE, Ohio Secretary of State, <br><br> Defendant, <br><br> and <br><br> CRAIG M. STEPHENS; PATRICIA NELSON; DORIA DANIELS; ELAYNE J. CROSS, in their official capacities as members of the Portage County Board of Elections, <br><br> Defendants-Appellees. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |

O R D E R

Before: SUTTON, Chief Judge; CLAY and NALBANDIAN, Circuit Judges.

PER CURIAM. William T. Schmitt, Chad Thompson, and Debbie Blewitt appeal the district court's denial of their motion for attorney's fees against the Portage County Board of Elections. Because the district court did not abuse its discretion when it denied the fee request, we affirm.

In 2018, Schmitt and Thompson circulated identical initiatives in Garrettsville and Windham, two villages within Portage County, Ohio, in an effort to place the initiatives on each village's November 2018 election ballot. The Portage County Board of Elections declined to

certify the initiatives for the ballot, deeming them "administrative in nature, rather than legislative."

A couple months before the November election, Schmitt and Thompson, along with Blewitt (who had signed the initiative circulated for the Windham ballot) sued the Board and then-Ohio Secretary of State Jon Husted under 42 U.S.C. § 1983. They raised as-applied and facial First Amendment challenges to Ohio's ballot-initiative statutes, *see* O.R.C. §§ 3501.11(K), 3501.38(M)(1)(a), and 3501.39(A), which vest in local boards of election the responsibility to act as "gatekeepers" to Ohio's popular initiative ballots.

In September 2018, the district court granted the Plaintiffs' application for a temporary restraining order based on the as-applied challenge. It directed the defendants to place both initiatives on the November 2018 ballots. Soon after, the district court converted the temporary restraining order into a preliminary injunction that would expire the day after the election. The Board complied with the order, and on November 6, 2018, the Windham initiative passed, while the Garrettsville initiative failed.

Thereafter, the court ordered additional briefing on the Plaintiffs' facial challenge. It ultimately concluded that the Plaintiffs had prevailed on their facial-constitutional challenge to the ballot-initiative process. So the court converted the preliminary injunction into a permanent injunction and entered a final judgment. The Secretary of State appealed the judgment.

In an opinion issued on August 7, 2019, we reversed the district court's order and vacated the permanent injunction. *Schmitt v. LaRose*, 933 F.3d 628 (6th Cir. 2019).

After this court issued its mandate, the Plaintiffs sought attorney's fees. They argued that "notwithstanding [the Secretary of State]'s successful appeal, Plaintiffs remain entitled to costs and attorneys' fees for their preliminary success on their as-applied challenge, which was not appealed."

The district court denied the Plaintiffs' motion for attorney's fees. Relying on the Supreme Court's decision in *Sole v. Wyner*, 551 U.S. 74 (2007), the district court found the Plaintiffs were not entitled to attorneys' fees under § 1988(b) because the final decision from this court on appeal

reversed the sole ground on which the Plaintiffs initially succeeded. In other words, "the merits that won preliminary injunction for Plaintiffs were identical to those that lost the appeal."

The Plaintiffs moved for relief under Civil Rule 59(e) to alter the judgment, claiming that, because the Board did not appeal the district court's merits ruling, it could not take advantage of the Sixth Circuit decision that upheld the validity of the initiative process against this free-speech challenge. But the district court explained that "awarding attorneys' fees in this situation would raise form over substance" because the Sixth Circuit "reversed the merits of the decision upon which Plaintiffs now stand." "This decision," it observed, "does not implicate the effects of joining or not joining an appeal, but instead only relates to [its] discretionary power to award attorneys' fees under Section 1988 and to amend a judgment under Rule 59."

The Plaintiffs appeal the district court's decision to deny their motion for attorney's fees and the denial of their Rule 59(e) motion.

The relevant question on appeal is whether the district court abused its discretion in denying the Plaintiffs' motion for attorney's fees. *See Berger v. City of Mayfield Heights*, 265 F.3d 399, 402 (6th Cir. 2001).

Section 1988 provides that when a party files suit under § 1983 "the [district] court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b)). "Although the text of the provision does not specify any limits upon the district courts' discretion to allow or disallow fees, in a system of laws discretion is rarely without limits." *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 (1989). Though a prevailing plaintiff should "ordinarily recover an attorney's fee," that is not the case when "special circumstances would render such an award unjust." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968). "Neither the Supreme Court nor this Court have defined what 'special circumstances' could defeat an attorney's fee award to a prevailing plaintiff." *Cleveland v. Ibrahim*, 121 F. App'x 88, 90 (6th Cir. 2005). As a result, our court "has eschewed adopting a predetermined formula in favor of a case-by-case approach." *Hescott v. City of Saginaw*, 757 F.3d 518, 523 (6th Cir. 2014) (quotations omitted).

The district court did not abuse its discretion in denying this fee request. The rejection of a party's key legal argument on appeal counts at a minimum as a special circumstance justifying a district court's decision to deny fees. The Supreme Court's decision in *Sole v. Wyner* helps to show why. In that case, T.A. Wyner sought preliminary injunctive relief against state interference with a Valentine's Day peace sign display as well as permanent injunctive relief against interference with future expressive activities. 551 U.S. at 79. The district court granted the preliminary injunction, and the peace sign display took place the next day at the Valentine's Day event. *Id.* at 80. Wyner then pursued her demand for a permanent injunction. But the district court denied Wyner's request. *Id.* Yet it awarded her attorney's fees for her success in obtaining preliminary relief. *Id.* The Supreme Court reversed, reasoning that prevailing party status "does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case." *Id.* at 83; *see also id.* at 78 ("A plaintiff who achieves a transient victory at the threshold of an action can gain no award under that fee-shifting provision if, at the end of the litigation, her initial success is undone and she leaves the courthouse emptyhanded.").

The traditional rule, then, is that temporary relief with respect to a specific event—an election day or Valentine's Day or some other day—does not justify fees if the legal premise of that decision is later reversed on appeal during the permanent injunction phase of the case. *See id.* at 85 (dismissing the contention that the form of initial relief, whether as applied or something else, makes a difference once a later decision undermines the legal basis of an earlier one). That rule at a minimum suggests Judge Sargus did not abuse his discretion in denying the Plaintiffs' request for fees.

This conclusion does not change merely because the State, but not the County, appealed the permanent injunction decision. That the State alone appealed a decision with respect to the constitutionality of a state law does not deprive the County of the benefit of that later appellate decision, particularly when it comes to the district court's exercise of discretion over an attorneys' fee request. It is not unusual for States to litigate in the interests of agencies of the State or

No. 20-4025
- 5 -

subdivisions of the State. Those agencies may benefit from those decisions (when the State wins) or pay the price for them (when the State loses).

Accordingly, we affirm the district court's order denial of the Plaintiffs' motion for attorneys' fees and the order denying the Plaintiffs' Rule 59(e) motion.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk